# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| RUSSELL G. GREER,<br><br>  *Plaintiff-Appellant*,<br><br>  v.<br><br>JOSHUA MOON, KIWI FARMS,<br><br>  *Defendant-Appellees*. | Civil Appeal No. 21-4128 |

## TIME-SENSITIVE & UNOPPOSED FIRST MOTION
## FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and to Tenth Circuit Rule 27.6, Plaintiff-Appellant Russell Greer hereby requests that the Court extend the time to file Appellant's Brief by 30 days, up to and including **January 6, 2022**, for the reasons that follow:

  1. **Current Due Date**:  The current due date for Appellant's Brief is today, December 7, 2021.

  2. **Prior Extensions**:  There have been no prior motions for an extension of time in this appeal by any Party.

  3. **Timeliness**:  Ordinarily, a motion to extend time to file a brief must be filed at least 3 days before the brief's due date.  10th Cir. R. 27.6(B).  There is an exception, however, where the reasons for the extension request did not exist or were unknown earlier.  Id.  The exception applies here.

1

The central reason for the requested extension is that Mr. Greer has finally been able to retain counsel, *i.e.*, the undersigned nonprofit appellate counsel at the DIGITAL JUSTICE FOUNDATION.

The undersigned offered to represent Mr. Greer, who is disabled and who was proceeding *pro se* in this appeal, on December 5, 2021 (two days before the Appellant's Brief is due). Mr. Greer accepted that offer on December 6, 2021 (one day before Appellant's Brief is due). The retention of counsel necessitates time for counsel review the record, research the issues, and draft an appellate brief that clearly and concisely addresses this case.

Accordingly, the central reason for the requested extension of time to file the brief did not exist 3 days prior to present briefing deadline for Appellant's Brief. The exception in Tenth Circuit Rule 27.6(B) applies here.

4. **<u>Reasons for Extension</u>**: A number of reasons establish good cause in favor of granting a first motion for an extension of time.

    a. <u>*Recent Retention of Nonprofit Counsel*</u>: Until yesterday, Mr. Greer was proceeding *pro se* in this matter, both below and on appeal.

For background, the DIGITAL JUSTICE FOUNDATION ("DJF") is a nonprofit law firm that has a nonprofit mission focusing on appellate advocacy at the intersection of technology and law and in providing access to law to otherwise underrepresented persons.

The DJF's undersigned attorney identified Mr. Greer's appeal, among the many it reviews for possible representation, as a matter squarely implicating the DJF's nonprofit mission. This appeal involves important questions and has serious merit. Accordingly, the DJF extended an offer to represent Mr. Greer in this appeal on December 5, 2021.

Mr. Greer had previously been unable to find appellate counsel he could afford to retain. When offered representation by the DJF, Mr. Greer accepted the next day, on December 6, 2021. The newly retained counsel, however, faced an impossible task: just one day to review the record; research the complex legal questions at stake in this appeal; and thoroughly brief the matters in a clear and easily comprehensible matter.

The retention of appellate counsel, taking over for a client who had been proceeding *pro se* and suffers disabilities, necessitates additional time to fully, fairly, and adequately brief this appeal.

      b.    <u>*Acknowledged Issues of First Impression*</u>: This appeal implicates an issue that the District Court itself acknowledged was an open question of law in this Circuit. When dismissing Mr. Greer's contributory copyright-infringement claims, the District Court acknowledged that "the Tenth Circuit has not expressed its view" on some of the legal requirements to assert such a claim. Dist. Ct. Dkt. 37 at 5, 5 n.3 (rejecting Ninth Circuit approach).

Thus, a substantial extension is appropriate to permit Mr. Greer's appellate counsel to conduct exhaustive research and then to properly apprise the Court on the state of the law that bears on this open legal question. Good cause exists to avoid holding an attorney to a brief an open question in a day.

      c.      *<u>Probable Merit to the Case as a Whole</u>*: Beyond the acknowledged open legal question, the District Court has also indicated there is probable merit to the case in general. For example, when denying reconsideration, the District Court stated that "Mr. Greer may well have had a plausible cause of action" under certain causes of action. Dist. Ct. Dkt. 44 at 5. Thus, beyond the open legal questions, there are also more developed legal questions where the case had probable merit.

      d.      *<u>New to the Tenth Circuit's Procedures</u>*: Although Mr. Greer's counsel are experienced appellate advocates, this appeal will be their first before the Tenth Circuit. Accordingly, additional time will be needed, beyond the ordinary time to complete an appeal, to develop a working familiarity with the Tenth Circuit's Rules and practices.

      e.      *<u>Heavy Demands upon Counsel</u>*: Mr. Greer's newly retained appellate counsel faces heavy demands at this time. A major appellate brief is due to the Eighth Circuit on December 17, 2021. A cert petition will need to be prepared in the month of December for submission in mid-January.

A number of other appearances and submissions in various district courts are also due in this timeframe of the next few weeks before the Holidays. A petition for permission to appeal under a CAFA appeal may be granted, which under the practice of that Circuit may necessitate a 10-day period to submit an appellate brief on complex jurisdictional so that the Ninth Circuit can meet a 60-day statutory deadline to decide an appeal under 28 U.S.C. § 1453(c).

5.  **Appellee's Position**:  Opposing counsel, Mr. Gregory Skordas of SKORDAS CASTON & HYDE, has indicated via email that his clients will *not* oppose this Motion. Mr. Skordas asked the undersigned to be clear that, although Defendant-Appellees will not oppose the Motion, they do not stipulate to the relief in the Motion and instead leave it up to the discretion of the Court.

6.  **Conclusion**:  For the foregoing reasons, the undersigned respectfully requests a 30-day extension, up to and including January 6, to submit Appellant's Brief.

Date: December 7, 2021                    Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

This Motion contains **1137** words.

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: December 7, 2021          Respectfully submitted,

                                */s/ Andrew Grimm*
                                Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT'S BRIEF with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: December 7, 2021                Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm