# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| RUSSELL G. GREER, <br><br> *Plaintiff-Appellant*, <br><br> v. <br><br> JOSHUA MOON, KIWI FARMS, <br><br> *Defendant-Appellees*. | Civil Appeal No. 21-4128 |

## PLAINTIFF-APPELLANT RUSSELL GREER'S
## DOCKETING STATEMENT

Pursuant to Tenth Circuit Rule 3.4, Plaintiff-Appellant Russell Greer, through his undersigned retained counsel, hereby respectfully submits the following Docketing Statement to the Court:

| | |
|---|---|
| **Appeal Number** | 21-4128 |
| **Case Name** | <u>Greer v. Moon</u> |
| **Party or Parties filing Notice of Appeal or Petition** | Plaintiff-Appellant Russell Greer |
| **Appellee(s) or Respondent(s)** | Defendant-Appellees Joshua Moon, Kiwi Farms |
| **List all prior or related appeals in this Court with appropriate citations** | Mr. Greer's counsel is unaware of any prior or related appeals in this Court. |

## I.A. JURISDICTION OVER APPEAL FROM DISTRICT COURT

1. <u>Date of entry of final judgment</u>: Sept. 21, 2021.  Dist. Ct. Dkt. 38.

2. <u>Date of filing of notice of appeal</u>: Oct. 26, 2021.  Dist. Ct. Dkt. 45.

3. <u>Time limit for filing notice of appeal</u>: 30 days.  Fed. R. App. P. 4(a)(1)(A).

    a. <u>United States party</u>: No.

    b. <u>Motion for extension of time</u>: No.

4. <u>Tolling Motions</u>:  Yes.  Dist. Ct. Dkt. 40, 41; Fed. R. App. P. 4(a)(4)(A)(iv).

    a. <u>Filing date of tolling motion</u>: Sept. 29, 2021.  Dist. Ct. Dkt. 40, 41.

    b. <u>Entry of order disposing of tolling motion</u>: Oct. 26, 2021.  Dist. Ct. Dkt. 44.

5. <u>Final judgment</u>: Yes.

6. <u>Cross-appeals</u>:  No.[1]

## III. BRIEF DESCRIPTION OF THE UNDERLYING CASE AND RESULT

Defendant-Appellee Moon operates a website, Kiwi Farms, dedicated to the ridicule of certain persons.  Plaintiff-Appellant Russell Greer is one such person singled out on Mr. Moon's site and by Mr. Moon's users on his site.  Over the course of years, the relentless ridicule of Mr. Greer, who suffers from serious disabilities, has crossed the line into unlawful acts.

---

[1] Sections I.B, I.C, and II of Tenth Circuit Form 1 are omitted from this Docketing Statement because they are inapplicable.

The gravamen of this dispute is whether those unlawful acts are attributable to Mr. Moon and his website under the law. Mr. Greer asserts that they are. Mr. Moon disputes his responsibility for the unlawful acts.

Below, Mr. Greer asserted that the posting or linking of the entirety of his copyrighted book and song to Kiwi Farms is legally attributable to Mr. Moon and Kiwi Farms in these circumstances. Mr. Moon disputes these copyright claims. Likewise, Mr. Greer asserted below that numerous defamatory statements are legally attributable to Mr. Moon and Kiwi Farms. Again, Mr. Moon disputed that he or his website is legally responsible.

The District Court sided with Mr. Moon, grating a Rule 12(b)(6) motion to dismiss in full and without leave to amend. Dist. Ct. Dkt. 37.

The District Court found no binding authority requiring it to deny the motion to dismiss as to Mr. Greer's contributory copyright-infringement claims. Id. at 4-5. The District Court disregarded persuasive authority to the contrary, without a reasoned analysis of that persuasive authority. Id. at 5 n.3 (refusing to apply Ninth Circuit authority only because the Tenth Circuit "has not expressed its view on the issue").

For the state-law claims, the District Court found that the statements at issue were either not attributable to Mr. Moon or Kiwi Farms due to 42 U.S.C. § 230, id. at 5-7, or were not unlawful, id. at 7-10.

Finally, the District Court refused leave to grant Mr. Greer leave to amend. Id. at 11-12.

Mr. Greer timely sought reconsideration. Dist. Ct. Dkt. 40, 41. The District Court denied reconsideration. Dist. Ct. Dkt. 44. Mr. Greer timely appealed to this Court that same day. Dist. Ct. Dkt. 45.[2]

### IV. PRELIMINARY STATEMENT OF ISSUES TO BE RAISED IN THE APPEAL

On a preliminary basis and subject to reservations of right to include new issues not stated, to exclude issues herein stated, or to clarify or reframe issues asserted, the undersigned currently views the issues likely to be raised in this appeal as follows:

1. Whether the District Court erred by refusing leave to amend in these circumstances.

2. Whether the District Court erred in holding that no claim of copyright infringement, including contributory or indirect copyright infringement, had been sufficiently pleaded in the operative complaint.

3. Whether the District Court erred in its application of the CDA 230, *i.e.*, 42 U.S.C. § 230, to the operative complaint.

---

[2] This statement is preliminary and is subject to correction and elaboration in Mr. Greer's opening brief. It is made for the purposes of this Docketing Statement only.

4. Whether the District Court erred in its application of the state-law claims (false light, defamation, and defamation by implication) to the operative complaint.[3]

### V. ATTORNEY INFORMATION

The appropriate attorney contact information is included with the undersigned's signature.[4]

Date: December 20, 2021                Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for Appellant*

---

[3] This statement is preliminary and is subject to correction and elaboration in Mr. Greer's opening brief. It is made for the purposes of this Docketing Statement only. See 10th Cir. R. 3.4(B) ("An issue not raised in the docketing statement may be raised in the appellant's opening brief.").

[4] Until December 6, Mr. Greer was proceeding in this appeal pro se and, accordingly, did not need to file a Docketing Statement. See 10th Cir. R. 3.4(A). This Docketing Statement is hereby submitted within 14 days of Mr. Greer's retention of counsel for this appeal.

## CERTIFICATE OF COMPLIANCE

This Docketing Statement contains **992** words.

This Docketing Statement was prepared in Microsoft Word using Times New Roman 14-point font.

Date: December 20, 2021                    Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing DOCKETING STATEMENT with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: December 20, 2021                    Respectfully submitted,

                                                        */s/ Andrew Grimm*
                                                        Andrew Grimm