# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| RUSSELL G. GREER,<br><br>  *Plaintiff-Appellant*,<br><br>  v.<br><br>JOSHUA MOON, KIWI FARMS,<br><br>  *Defendant-Appellees*. | Civil Appeal No. 21-4128 |

## UNOPPOSED MOTION TO FILE APPELLANT'S
## REPLY BRIEF OUT OF TIME

Pursuant to Federal Rule of Appellate Procedure 26(b), Appellant Russell Greer, through counsel, hereby moves *unopposed* that the Court accept Appellant's attached Reply Brief out of time.

Appellant's Reply Brief was filed 16 seconds late. It was due on October 14, 2022. As the ECF email shows, the Reply Brief was submitted 15 seconds after midnight. Grimm Decl. ¶ 1 Ex. A at 1 (The "transaction was entered on 10/15/2022 at 12:00:15 AM Mountain Daylight Time and filed on 10/15/2022[.]"). Mr. Greer, through counsel, respectfully requests that the Court nonetheless accept the attached Reply Brief as part of the appeal.

Appellate Rule 26(b) authorizes the Court to accept the brief. It states that "[f]or good cause, the [C]ourt may extend the time prescribed by these rules or by its order to perform any act, *or may permit an act to be done after that time expires*." Fed. R. App. P. 26(b) (emphasis added).

1

With exceptions for jurisdictional deadlines not relevant here, Rule 26(b) "generally authorizes extensions of time"—even *post hoc* extensions. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 715 (2019).

Under this Rule, this Court has refused to dismiss appeals where the opening brief was filed late. Bartell v. Aurora Pub. Sch., 263 F.3d 1143, 1146 (10th Cir. 2001) overruled on other grounds in Pignanelli v. Pueblo Sch. Dist. No. 60, 540 F.3d 1213, 1222 (10th Cir. 2008). It has also accepted and considered an answering brief filed "six days after the deadline"—over objections. Hutchinson v. Pfeil, 211 F.3d 515, 517 n.1 (10th Cir. 2000).

Here, Mr. Greer is represented by two nonprofit appellate counsel, Mr. Andrew Grimm and Mr. Gregory Keenan. Both had substantial roles in the preparation of the Appellant's Reply Brief. Grimm Decl. ¶ 2. On the day the brief was due, Mr. Keenan was in a location that unexpectedly had no Internet access and no cellphone reception. Grimm Decl. ¶ 3. Mr. Keenan was therefore unable to participate in the finalization of the brief except at the very last hour or so when Mr. Keenan was able to travel to a location that had cellphone service and available Wi-Fi. Id.

Counsel did their level-best to get the brief in on time but filed the brief 16 seconds late. Grimm Decl. ¶ 4. There is no known prejudice from this submission shortly after midnight.

Where there is no suggestion of prejudice by a late filing, the Court has exercised its discretion to permit a late-filed brief. See Hutchinson, 211 F.3d at 517 n.1 (permitting opposed motion to accept late-filed brief in part because "there is no suggestion of prejudice").

Likewise, this Motion is *unopposed*. Appellant's counsel have conferred with Appellees' counsel, Ms. Gabi Mena and Mr. Gregory Skordas of SKORDAS CASTON & HYDE, who have confirmed via an email response that this Motion is *unopposed*. Grimm Decl. ¶ 5. Ms. Mena and Mr. Skordas are highly collegial, professional counsel and their non-opposition is much appreciated.

Two final points are worth mentioning. Appellant's counsel have never opposed an extension by an opposing counsel in any forum and regularly offer more time to their opposing counsel than is requested. Grimm Decl. ¶ 6.

And, Appellant's counsel think that the Reply Brief will help in the determination of the appeal. See United States v. Thrower, 584 F.3d 70, 72 n.1 (2d Cir. 2009) (accepting reply brief received 17 days after oral argument); Rankin v. Pearson, 612 F. App'x 204, 205 (5th Cir. 2015) (accepting late-filed reply brief); Miller v. Am. Int'l Group, Inc., 125 F. App'x 578, 579 (5th Cir. 2005) (granting "unopposed motion for leave to file an-out-of-time reply brief"); Harris v. Leder, 519 F. App'x 590, 597 (11th Cir. 2013) (construing late-filed *pro se* reply brief as motion to file out of time and granting it).

In sum, Mr. Greer respectfully requests that the Court accept the late-filed brief because of unexpected limitations on the availability of lead counsel's access to Internet and cellphone service; because the length of the lateness was short and no prejudice is suggested; because this Motion is unopposed; and because review of the Reply Brief will assist in the decision of this appeal.

For the foregoing reasons, Appellant Russell Greer respectfully requests that, for good cause shown, he be granted leave to submit his attached Reply Brief out of time.

Date: October 20, 2022                    Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for Appellant*

# DECLARATION OF COUNSEL IN SUPPORT OF MOTION

I, Andrew Grimm, a counsel for Plaintiff-Appellant Russell G. Greer, hereby declare and attest to the following in support of the above motion to accept Mr. Greer's Reply Brief out of time:

(1)     I have attached to this Declaration as **Exhibit A** a true and correct copy of the Notice of Docket Activity email received from the appellate CM/ECF system. This exhibit indicates that the Reply Brief was filed 16 seconds late—"at 12:00:15 AM Mountain Daylight Time[.]"

(2)     I am working on this appeal with Mr. Gregory Keenan, a senior counsel at my nonprofit law firm. We each had substantial roles in the preparation of the Appellant's Reply Brief and I needed Mr. Keenan's support in order to finalize the Appellant's Reply Brief.

(3)     On the day the Reply Brief was due, I was unable to reach Mr. Keenan for much of the day, including much of the afternoon and evening leading up to the submission of the Brief. I was only able to get in touch with Mr. Keenan around 10:30pm Mountain time, leaving little time to incorporate his portions of the brief, create the tables, and submit. I have since learned that Mr. Keenan was unexpectedly without Internet reception and without cellphone service for the period that I was unable to reach him.

(4)  Even without Mr. Keenan's ability to be in touch, I did my best to finalize the brief on time but missed the deadline by 16 seconds.

(5)  I emailed my opposing counsel, Ms. Gabi Mena and Mr. Gregory Skordas regarding this motion. Ms. Mena indicated via that email that the motion "will be <u>unopposed</u>." (emphasis added).

(6)  Neither I nor any of my co-counsel at the DIGITAL JUSTICE FOUNDATION have ever opposed an extension request from an opposing counsel. As nonprofit advocates, we believe strongly in collegiality to other members of the profession, in not pressuring counsel on deadlines, and in having cases and appeals decided on the merits.

I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.

Date: October 20, 2022                     Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

## CERTIFICATE OF COMPLIANCE

This Motion contains **730** words.

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: October 20, 2022               Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm

# Exhibit A

|           |                                                              |
|-----------|--------------------------------------------------------------|
| **From:** | ca10_cmecf_notify@ca10.uscourts.gov                          |
| **Sent:** | Saturday, October 15, 2022 2:00 AM                           |
| **To:**   | Andrew Grimm                                                 |
| **Subject:** | 21-4128 Greer v. Moon, et al "Appellant/Petitioner's Reply Brief" |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 10/15/2022 at 12:00:15 AM Mountain Daylight Time and filed on 10/15/2022

| | |
|---|---|
| **Case Name:** | Greer v. Moon, et al |
| **Case Number:** | 21-4128 |
| **Document(s):** | Document(s) |

**Docket Text:**
[10947932] Appellant/Petitioner's reply brief filed by Russell G. Greer. Served on 10/14/2022. Manner of Service: email. Word/page count: 6600. This pleading complies with all required privacy and virus certifications: Yes. [21-4128] AG

**Notice will be electronically mailed to:**

Mr. Greg G. Skordas: gskordas@schhlaw.com, lawoffice@schhlaw.com, gmena@schhlaw.com
Mr. Andrew Grimm: agrimm3@gmail.com, andrew@digitaljusticefoundation.org

The following document(s) are associated with this transaction:
**Document Description:** Main Document
**Original Filename:** Greer v Moon 2022-10-14 Reply Brief_v6.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=10/15/2022] [FileNumber=10947932-0]
[cafbc8fb45cf6bdcd7ed54361ef7571bec833b84161d8387122b54f6cd5355f2041b11802978f9f979926
cf696336d49ffdd054e5e79698587b5cd55ffbf15be]]

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: October 20, 2022						Respectfully submitted,

						*/s/ Andrew Grimm*
						Andrew Grimm