**NOT SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals for the Tenth Circuit

### No. 21-4128

RUSSELL GREER,

*Appellant,*

v.

JOSHUA MOON, *et al.*

*Appellees.*

Appeal from the U.S. District Court for the District of Utah

## MOTION TO RECALL THE MANDATE

Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive #11506
Livingston, TX 77399
MatthewDHardin@gmail.com
202-802-1958

*Attorney for Appellees*

**Introduction**

Defendants-Appellees Joshua Moon and Lolcow LLC (d/b/a Kiwi Farms)[1] respectfully move to recall and vacate the mandate issued in this appeal on December 12, 2023. In the alternative, Defendants ask the Court to recall and modify the mandate to permit the district court to reconsider the sufficiency of the complaint in light of intervening Supreme Court authority. This motion is filed pursuant to the Court's inherent authority to recall its mandate and Tenth Circuit Rule 41.2.

This is the rare case in which recall of the mandate is warranted. After this Court reversed the district court's Rule 12(b)(6) dismissal, the Supreme Court decided two cases that cannot be squared with this Court's analysis. Indeed, the Supreme Court expressly rejected the same sort of analysis that this Court applied. Both Supreme Court decisions were unanimous. Both also addressed the very standard this Court applied. And both compel the conclusion that the complaint in this case fails to state a claim for contributory copyright infringement.

---

[1] At the time the mandate was issued, the Appellees were Joshua Moon and "Kiwi Farms, a website." On remand, it has now been clarified that Kiwi Farms is a d/b/a for Lolcow, LLC. A separate corporate disclosure statement is filed contemporaneously.

Because the proceedings in the District Court following remand are still ongoing, this case presents an ideal vehicle for this Court to correct its errors, retract a published opinion that has had its reasoning undermined by the Supreme Court, and set right the law of this Circuit.

In *Greer v. Moon*, 83 F.4th 1283 (10th Cir. 2023), this Court held that Mr. Greer plausibly alleged contributory copyright infringement in large part because Mr. Moon reposted a Digital Millenium Copyright Act takedown notice, rather than complying with a takedown demand. This Court held that "the reposting of the takedown notice, combined with the refusal to take down the infringing material, amounted to encouragement of Kiwi Farms users' direct copyright infringement." *Id.* at 1305. The Supreme Court has now rejected the legal premise on which that ruling depends. Not once, but twice.

First, in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___ (2026), the Supreme Court held, with no Justice dissenting, that a service provider is contributorily liable for copyright infringement only if it *intended* its service to be used for infringement. Slip op. at 2. That intent may be established in just two ways: by *inducing* infringement through specific acts, or by offering a service *tailored to* infringement. *Id.* at 7. Knowledge of infringement, even combined with a failure to act, is not enough. *Id.* at 1.

2

Second, in *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ___ (2026), decided June 4, 2026, the Supreme Court unanimously confirmed that inducement requires "affirmative," not passive, "steps to bring about the desired result" of infringement. Slip op. at 8. The Supreme Court rejected the practice of asking whether a defendant's statements "could be read" as encouragement, holding instead that the question is whether the defendant *designed* its conduct to stimulate infringement. *Id.* at 9 n.3. The Court further held that "mere omissions, inactions, or nonfeasance" cannot support inducement liability. *Id.* at 11-12.

Although *Hikma* arose under patent law, it is directly applicable here. *Cox* expressly anchored contributory copyright liability to the same patent-law analogues: active inducement and a product or service adapted to infringement. *Cox*, slip op. at 7-8. When *Hikma* clarifies what does and does not constitute "active steps" to induce infringement, it clarifies the very standard that *Cox* imports into contributory copyright liability.

Those decisions make the prior mandate untenable. Mr. Moon's alleged refusal to remove material and publication of Mr. Greer's takedown notice are not affirmative acts designed to stimulate infringement. They are the acts of a website operator who received a takedown demand, disagreed with it on fair-use grounds, and said so. That is not inducement under *Cox*

3

and *Hikma*. It is not even close. Nonfeasance cannot possibly be an affirmative act that gives rise to liability under *Hickma*.

The district court proceedings remain ongoing. There is no summary-judgment schedule and no trial date. Recall now is the most efficient way to conform this case and the law of this Circuit to controlling Supreme Court authority.

## Grounds for the Motion

### I. The Court Has Inherent Authority to Recall Its Mandate, and Tenth Circuit Rule 41.2 Is Satisfied.

A court of appeals has inherent authority to recall its mandate. *Calderon v. Thompson*, 523 U.S. 538, 549 (1998) ("the courts of appeals are recognized to have an inherent power to recall their mandates"). That power should be exercised "sparingly" because of "the profound interests in repose." *Id.* But the Supreme Court has recognized that recall is appropriate when necessary to prevent a "miscarriage of justice." *Id.* at 550.

Tenth Circuit Rule 41.2 specifically contemplates motions to recall the mandate. The rule provides that, when such a motion is tendered more than one year after issuance of the mandate, the motion must be accompanied by a statement of good cause for the delay. The mandate in this case issued on

December 12, 2023. This motion is filed more than one year later. But good cause plainly exists: Defendants could not have filed this motion sooner because the two intervening Supreme Court decisions on which it rests did not exist. *Cox* was decided on March 25, 2026. *Hikma* was decided on June 4, 2026. No motion could have been filed before those decisions were handed down. Proceedings in the District Court remain ongoing, and the District Court should not be forced to continue to apply a mandate that is gravely out-of-step with current Supreme Court jurisprudence.

## II. The Supreme Court Rejected in *Cox* the Legal Theory This Court Accepted in *Greer*.

This Court held that Mr. Greer plausibly stated a claim because Mr. Moon allegedly knew of copyright infringement, refused to remove the materials, posted Mr. Greer's takedown notice, and thereby "encourage[d]" further infringement. 83 F.4th at 1305. The theory, in essence, was that knowledge of infringement plus a refusal to act plus publication of a takedown demand equals contributory copyright liability.

*Cox* forecloses that theory. *Cox* holds that contributory copyright liability requires *intent* that the service be used for infringement, and that such intent may be shown *only* through inducement or a service tailored to infringement. *Cox*, slip op. at 2, 7. The Supreme Court reversed a billion-

5

dollar verdict against an internet service provider that had received thousands of infringement notices, knew its subscribers were infringing, and terminated only 32 accounts over two years. *Id.* at 3-4. If that conduct did not establish contributory liability, neither does Mr. Moon's alleged refusal to remove Mr. Greer's book and song from a forum.

Nor can *Greer* be salvaged by characterizing Mr. Moon's conduct as "encouragement." *Cox* makes clear that inducement requires active encouragement through specific acts, "such as express promotion [or] marketing." *Id.*, slip op. at 9 (internal quotation marks omitted). Mr. Moon did not advertise, solicit, or promote copyright infringement (and the complaint does not allege otherwise). Instead, the only relevant allegation on which this Court's opinion relied was that Mr. Moon published a takedown notice, asserted a fair-use defense, and told Mr. Greer "Try me." Even on Mr. Greer's own telling, and even as he has now supplemented his allegations in District Court, those acts were mockery and defiance directed at Mr. Greer, not marketing, solicitation, or instruction directed at third-party users to infringe. *See* First Amended Complaint,[2] ECF No. 247, ¶¶ 40, 65, 90 (describing Moon's conduct as "mocking" and "derid[ing]").

---

[2] The First Amended Complaint Mr. Greer filed after remand to the District Court is attached hereto for ease of reference as Exhibit A.

## III. The Supreme Court's Ruling Today in *Hikma* Confirms the Pleading Deficiency.

*Hikma* confirms that the pleading defect identified above is not merely one of copyright doctrine. It is also one of plausibility.

The Federal Circuit in *Hikma* had allowed an inducement claim to proceed because it was "at least plausible" that physicians could read the defendant's statements as encouraging infringement. *Hikma*, 608 U.S. ____, slip op. at 2. The Supreme Court reversed, holding that the correct question is not how others *could read* a defendant's statements but whether the defendant *designed* those statements to stimulate infringement. *Id.* at 9 n.3.

That correction matters here. The key holding in *Greer* was that "a reasonable inference" from the facts alleged was that reposting a takedown notice, combined with refusing removal, "amounted to encouragement." 83 F.4th at 1305. This Court applied precisely the same "could be read as encouragement" approach that the Supreme Court has now emphatically rejected. The question is not whether Kiwi Farms users *could have read* Moon's mockery of Mr. Greer as implicit encouragement. It is whether Moon *designed* his conduct to stimulate copyright infringement. The complaint does not plausibly allege that he did. This Court's contrary ruling and mandate are fundamentally undermined by *Hickma*.

*Hikma* also holds that inducement requires "affirmative" steps, not "mere omissions, inactions, or nonfeasance." 608 U.S. ____, slip op. at 8, 11-12. It further holds that when a defendant's conduct has an "obvious alternative explanation"—such as compliance with law or standard industry practice—the complaint fails the plausibility standard. *Id.* at 10-11. Moon's alleged publication of the takedown notice is standard practice across the Internet, and his refusal to remove material rested on a stated fair-use defense. Both are "obvious alternative explanations" that defeat plausibility.

## IV. The Posture of This Case Favors Recall.

This case remains pending in the District of Utah on remand. There is no summary-judgment schedule. There is no trial date. Discovery has been stayed for months. The procedural posture therefore favors immediate correction by this Court.

Without recall, the law of this Circuit will continue to be radically out-of-step with binding, unamimous Supreme Court decisions. What's more, the district court will be forced to administer a case under a mandate that has been overtaken by controlling Supreme Court precedent. That will waste party and judicial resources. It will also lead to an inevitable appeal, because Defendants will be entitled to raise *Cox* and *Hikma* at every subsequent stage of the litigation. Recall now avoids that wasted effort.

The dispositive issue is legal. It turns on the sufficiency of the complaint under Rule 12(b)(6) and the elements of contributory copyright liability after *Cox* and *Hikma*. No additional factual development is needed. The Court can resolve that question on the existing record.

## Relief Requested

The Court should recall and vacate the mandate, withdraw or vacate its October 16, 2023 opinion, and affirm the district court's dismissal of the contributory copyright infringement claims.

At minimum, the Court should recall and modify the mandate to clarify that the district court is free to reconsider the sufficiency of the complaint under *Cox* and *Hikma* and is not bound by this Court's prior application of the now-superseded "could be read as encouragement" standard. That narrower relief would still correct the present problem by preventing the mandate from binding the district court to a now-superseded legal conclusion.

## Conclusion

The Supreme Court's decisions in *Cox* and *Hikma* leave no room for the contributory-liability theory this Court accepted in *Greer*. A service provider does not become a contributory copyright infringer merely by

knowing about infringement and refusing to remove material. Inducement requires affirmative acts designed to stimulate infringement—not mockery of a takedown demand, not assertion of a fair-use defense, and not refusal to comply with a request to remove content. Every act this Court relied upon has an obvious lawful explanation, and the Supreme Court has now held that such explanations defeat plausibility.

Because the mandate now conflicts with controlling Supreme Court authority, and because the district court proceedings remain ongoing with no trial schedule, Defendants respectfully request that the Court recall and vacate the mandate or, at minimum, recall and modify the mandate to permit the district court to apply *Cox* and *Hikma* without constraint.

Respectfully submitted this the 4th day of June, 2026

/s/ Matthew D. Hardin
Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com

*Counsel for Defendants-Appellees*

10

## Certificate of Compliance

Undersigned counsel certifies that:

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by the rules, this document contains 1999 words; and

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Georgia.

/s/ Matthew D. Hardin
Matthew D. Hardin

## Certificate of Service

I certify that on June 4, 2026, I caused the foregoing motion to be filed through the Court's CM/ECF system, which will serve all registered counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin

# Statement of Good Cause Under Tenth Circuit Rule 41.2

Tenth Circuit Rule 41.2 requires that a motion to recall the mandate filed more than one year after issuance be accompanied by a statement of good cause for the delay. The mandate in this case issued on December 12, 2023. Good cause exists because the two intervening Supreme Court decisions on which this motion rests did not exist until 2026. *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ____ (2026), was decided on March 25, 2026. *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ____ (2026), was decided on June 4, 2026. No motion to recall the mandate on these grounds could have been filed before those decisions were handed down. This motion is filed on the day *Hikma* was decided.

/s/ Matthew D. Hardin
Matthew D. Hardin