**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

RUSSELL G. GREER,

    *Plaintiff-Appellant*,

v.                                   Case No. 21-4128

JOSHUA MOON; KIWI FARMS,

    *Defendants-Appellees*.

**APPELLEES' OPPOSITION TO APPELLANT'S SECOND MOTION
FOR EXTENSION OF TIME TO RESPOND TO THE
MOTION TO RECALL THE MANDATE**

Appellees Joshua Moon and Kiwi Farms respectfully oppose Appellant's Second Motion for an Extension of Time (Doc. 131) to respond to Appellees' Motion to Recall the Mandate. (Doc. 126) The motion should be denied. It was filed in violation of this Court's rules, without any effort to contact Appellees, and it continues a pattern of serial delay that prejudices Appellees' entitlement to the prompt resolution of an equitable, time-sensitive remedy that Appellant himself continues to tell the District Court can only be resolved here.

**I.  The motion does not comply with 10th Cir. R. 27.1.**

Tenth Circuit Rule 27.1 requires that every motion disclose the opposing party's position on the relief requested, or state why the movant was unable to learn it. Mr. Greer's counsel took neither course, and for good reason: nobody ever

bothered to contact undersigned counsel to confer as to the Second Motion for an Extension of Time or ascertain Mr. Moon's position on it. Appellees were not contacted *at all, in any fashion* before the motion was filed, on less than two hours before the response deadline. Appellees were thus given no opportunity to consent or to object before the Court was asked to grant a further extension. That is what Rule 27.1 is designed to prevent, and this Court should not countenance such a brazen violation of its own rules by experienced counsel. Especially not under the circumstances here, where counsel offers no compelling explanation at all for why the request for an extension could not have been filed sooner or why a brief conference could not have been held.

**II.    Appellant's serial delay prejudices Appellees and is contrary to the equitable nature of the relief sought.**

The recall of a mandate is an extraordinary equitable power that a court of appeals may exercise only in exceptional circumstances. *Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998). Because the remedy is equitable, the diligence of the party seeking it is central to the analysis, and that party's entitlement to prompt adjudication is a weighty consideration. Appellees have been diligent. They moved to recall the mandate on June 4, 2026, promptly after the intervening and unanimous decisions of the Supreme Court in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026) and *Hikma Pharmaceuticals USA Inc. v.*

*Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026) were released. Those two binding Supreme Court decisions, released this Term, are completely incompatible with the reasoning of this Court's 2023 opinion which the District Court is still under a mandate to carry out. Appellees did all they could to notify this Court immediately and seek prompt relief.

Appellant has done the opposite. This Court initially set a deadline for his response on June 15, 2026. Appellant obtained a lengthy extension *more than tripling* the time to respond, to July 15. But on July 15, instead of responding, Mr. Greer's counsel sought a second extension, this time (to July 24). Each extension defers the resolution of a motion that turns on whether an intervening change in controlling law entitles Appellees to relief now. The accumulating delay is itself the prejudice as both parties and the District Court continue to labor under a mandate that the Supreme Court has undermined. Equity requires the prompt adjudication to which a diligent movant is entitled.

**III.   Appellant's delay is especially unjustified because he insists this Court is the proper forum for the dispute over the scope of this Court's mandate and whether this Court's opinion has been effectively overruled by *Cox* and *Hikma*.**

Appellant's stalling is even more improper because, in the parallel district-court proceedings, he has repeatedly and expressly argued that this Court, not the district court, is the proper forum for the very question the recall motion presents. Mr. Greer is thus simultaneously preventing the District Court from adjudicating the

extent to which this Court's mandate survives intervening Supreme Court precedent, and also serially delaying this Court in resolving that question itself. On June 22, 2026 (after the Motion to Recall the Mandate was pending before this Court), Mr. Greer told the district court that the issue of whether this Court's mandate can be reconciled with *Cox* and *Hikma* "is an argument for the Tenth Circuit, not a shortcut for judgment on the pleadings in this Court." *Greer v. Moon*, No. 2:24-cv-00421 (D. Utah), ECF No. 482, at 2. Mr. Greer made that argument under a heading declaring that "Defendants' Cox/Hikma Argument Belongs in the Tenth Circuit." *Id*.

This was no mistake on Mr. Greer's part, but is an intentional legal strategy to foreclose *any* court from ruling on the issues raised here. Appellant told the district court the same day in another memorandum that this "argument is for the Tenth Circuit," "the proper forum is the Tenth Circuit," and the theory "belongs before the appellate court that issued the ruling, not before the district court bound by it." *Id*., ECF No. 481, at 2. Because Mr. Greer continues to insist that Appellees must bring their argument here, he cannot be permitted to stall this forum or prevent it from resolving the motion with serial extensions unsupported by good cause and without even bothering to ascertain his opponent's legal position. Mr. Greer's stated position is that this Court must decide the *Cox*/*Hikma* question, but his conduct is calculated to ensure that it does not decide it promptly and that the parties continue their litigation *ad infinitum* without any resolution.

**CONCLUSION**

Despite Appellant's own insistence that this Court is the proper forum, despite the intervening Supreme Court decisions that have displaced the reasoning of the mandate, and despite Appellees' diligence in promptly seeking the relief to which they are entitled, Appellant seeks continued delay without so much as a consultation. For the foregoing reasons, Appellees respectfully request that the Court deny Appellant's second motion for an extension of time. (Doc. 131).

Dated: July 16, 2026

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive # 11506
Livingston, TX 77399
(202) 802-1948
MatthewDHardin@gmail.com

*Attorney for Defendants-Appellees*
*Joshua Moon and Kiwi Farms*

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 980 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in Times New Roman 14-point, a proportionally spaced typeface.

/s/ Matthew D. Hardin
Matthew D. Hardin

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system, which will serve all counsel of record, including counsel for Appellant, Andrew Grimm, Digital Justice Foundation.

/s/ Matthew D. Hardin
Matthew D. Hardin