**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

RUSSELL G. GREER,

    *Plaintiff-Appellant*,

v.                                  Civil Appeal No. 21-4128

JOSHUA MOON, KIWI FARMS,

    *Defendant-Appellees*.

**APPELLEES' MOTION FOR SANCTIONS AGAINST
ANDREW GRIMM
UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWER**

Appellees Joshua Moon and Kiwi Farms respectfully move for sanctions against Appellant's counsel, Andrew Grimm, personally, under 28 U.S.C. § 1927 and this Court's inherent power. On July 15, 2026, the day his response to Appellees' Motion to Recall the Mandate was due, Mr. Grimm waited until roughly 11:20 p.m. Mountain Time, less than an hour before the deadline expired at midnight, to file a second motion for an extension of time (Doc. 131). Demonstrating that this rules violation was intentional and calculated to prejudice the Appellees rather than an accident, Mr. Grimm filed his *ninth* motion for an extension in this case without any notice to Appellees and without disclosing their position, in violation of two rules

he has followed in each of the eight prior extension motions he has filed in this appeal.[1]

The cumulative impact of Mr. Grimm's conduct (9 extension motions, with the most recent one being entirely noncompliant with the rules and calculated to prevent his opponents from responding) is extreme and prejudicial. Because Mr. Grimm gave no advance notice and filed at the last possible hour, Appellees were forced to prepare and file their opposition overnight, on an emergency basis, rather than on the ordinary schedule the Rules contemplate. Appellees ask that Mr. Grimm be ordered to pay the fees his conduct caused, which are itemized in the accompanying declaration.

**BACKGROUND**

On June 4, 2026, Appellees moved to recall the mandate (Doc. 126). The Court directed Appellant to respond (Doc. 128). When Appellant sought a first extension (Doc. 129), Mr. Grimm emailed undersigned counsel on June 15, 2026, requested Appellees' position, and stated that position in the motion. Appellees

---

[1] *Compare* Doc Nos. 15 (30 days), 27 (14 days), 31 (7 days), 50 (21 days), 56 (21 days), 58 (14 days, with Mr. Grimm acknowledging his motion should not have been filed with less than three days to go before the deadline but claiming exceptional circumstances), 112 (four days), 129 (30 days), all of which complied with Rules 27.1 and 27.6, *with* Doc. No. 131 (nine days). Only that final motion stripped out the sections of Mr. Grimm's template that explained the position of opposing counsel and either that the motion was filed three days in advance of the deadline or why it could not have been.

consented, and the Court extended the deadline to July 15, 2026 (Doc. 130). That is how things are supposed to work, and how they did work for the first eight of Mr. Grimm's *nine* serial Motions for an Extension in this case.[2]

Then Mr. Grimm decided to flout the rules on his *ninth* motion. He did so in a way that was calculated to deny his opponents an opportunity to respond and to prejudice their substantive rights, to say nothing of also burdening this Court[3] with emergency briefing rather than briefing according to the schedule required by its Local Rule 27.6. For this *ninth* extension, Mr. Grimm filed his motion (Doc. 131) at approximately 11:20 p.m. Mountain Time on July 15, 2026, the day the response was due and less than an hour before the deadline expired at midnight.[4] That violated both Local Rule 27.1 and Local Rule 27.6, because Mr. Grimm made no effort to ascertain the position of the Appellees, nor did he give the Court the required three

---

[2] This is not to say that a case with 8 or 9 extensions is ordinary. Courts can be skeptical when a party files "serial motions for extensions of time or repeatedly demonstrate[s] their inability to comply with deadlines." *Kunkle v. Holcomb*, No. 3:21-CV-755-JVB-MGG, 2023 U.S. Dist. LEXIS 202695, at *4 (N.D. Ind. Nov. 13, 2023). *Cf. In re Wilson*, No. DA 22-0709, 2023 Mont. LEXIS 171, at *2 (Feb. 14, 2023) ("It is not an efficient use of resources for this Court to dispose of serial motions for extension of time…").

[3] It is well-understood that courts "expect[] counsel to cooperate with one another and to make bona fide attempts at resolving disputes before bringing them before the court." *Mason v. Stock*, 869 F. Supp. 828, 835 (D. Kan. 1994). Here, Mr. Grimm did not even *attempt* to make such efforts.

[4] Appellees apologize that they erroneously stated at Doc. No. 132 that Mr. Grimm had filed his motion two hours before the deadline. A review of the ECF notices in undersigned counsel's email confirms the correct time of filing was 11:20 p.m.

days' time to rule on his motion or demonstrate why the underlying motion was so emergent that it could not have been filed three days before the deadline. A comparison of Mr. Grimm's earlier motions and his *ninth* motion shows Mr. Grimm previously acknowledged rules 27.1 and 27.6, but suddenly eliminated all mention of those rules from his latest filing. This was not a slip-up, but a decision.

Mr. Grimm did not contact Appellees before filing, did not ask their position, and stated none in the *ninth* motion. Undersigned counsel received the filing at 1:20 a.m. Eastern Time on July 16, 2026, but was asleep and was therefore unaware of Mr. Grimm's last-minute filing until he awoke approximately five hours later. Deprived of any notice, and of the multi-day window the Rules contemplate for a response, undersigned counsel set aside his other work and prepared and filed Appellees' opposition first thing that morning, on an emergency footing. That should not have been required: two of this Court's rules expressly prohibit Mr. Grimm's tactics to obtain a *ninth* extension of time in this case (to say nothing of professionalism and courtesy).  There should be consequences for an experienced attorney who threw the rules to the side in an attempt to obtain structural advantage or to deprive his opponent of an opportunity to respond.

## LEGAL STANDARD

This Court has the statutory power to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Such

an attorney "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id*. The statute exists in part to enforce an attorney's continuing obligation to avoid dilatory tactics. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980) (recognizing that § 1927 is aimed at deterring attorneys from engaging in dilatory litigation tactics and that fees may be awarded without regard to who prevails in any underlying merits).

In this Circuit, sanctions under § 1927 are warranted where an attorney "acts recklessly or with indifference to the law," *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc), or where his conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). Independently, a federal court, including a court of appeals, possesses the inherent power to sanction a litigant or lawyer who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," including by shifting the reasonable attorney's fees the misconduct caused. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). A fee award under either source is limited to the fees the moving party would not have incurred but for the sanctioned misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017) (holding that a fee award imposed as a

sanction under a court's inherent power must be limited, by a but-for causation test, to the fees the innocent party incurred because of the misconduct).

Crucially, the availability of relief does not turn on the outcome of the underlying motion. Section 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law," and "is concerned only with limiting the abuse of court processes." *Roadway Express*, 447 U.S. at 762. Appellees are therefore entitled to recover the excess costs that Mr. Grimm's conduct forced upon them whether or not the Court ultimately grants his motion for an extension of time.

## ARGUMENT

### I.  Mr. Grimm's violation of Rules 27.1 and 27.6 was knowing, not inadvertent.

Tenth Circuit Rule 27.1 requires that every motion contain a statement of the opposing party's position on the relief requested. Tenth Circuit Rule 27.6(B) requires that a motion to extend time be filed at least three days before the deadline the moving party seeks to extend, subject to an exception where the reasons for the extension did not exist three days before. Mr. Grimm's *ninth* motion for an extension of time satisfies neither rule. It contains no statement of Appellees' position and no explanation for that omission. And it was filed on the deadline itself (indeed, with less than 40 minutes to go before midnight), rather than three days before. Mr. Grimm made no attempt to invoke any exception to rules 27.1 or 27.6 or to argue

that he could not have provided timely notice to his opposing counsel, even though the three-day requirement exists precisely so that the opponent can respond and the Court can rule before the deadline arrives.

These were not oversights. Mr. Grimm knows these rules intimately and has honored them in every one of his 8 prior extension motions in this appeal. Earlier motions contained a section expressly titled "Appellee's Position," disclosing whether Appellees opposed, and a section titled "Timeliness," citing 10th Cir. R. 27.6(B) and addressing the three-day requirement. *See* Appellant's Mot. for Extension, Doc. 15, §§ 3, 5 (Dec. 7, 2021); Appellant's Mot. for Extension, Doc. 31, §§ 3, 5 (June 17, 2022). The *ninth* motion at issue contains neither section. Mr. Grimm drafted those sections again and again, then suddenly stripped the required information from a motion he filed at the last possible hour without notice. That supports an inference that Mr. Grimm did not forget the rules but intentionally chose to set them aside.

This is exactly the intentional or reckless disregard of duties to the court that § 1927 addresses, and it is conduct undertaken in bad faith within the meaning of *Chambers*. As the Fifth Circuit held yesterday, a party has willfully ignored a court order when they have knowledge of that order and an intent to take an action that violates that order; there is no specific intent required. *With Purpose, Inc. et al. v.*

*Neugebauer*, Case No. 25-10572 at \*5 (July 16, 2026).[5] Certainly there can be no serious argument that Mr. Grimm was not aware of this Court's rules, because he cited and relied upon those same rules before tossing them to the side in order to gain advantage.

## II.    Mr. Grimm's conduct unreasonably and vexatiously multiplied the proceedings and forced an emergency response.

The harm here is not merely that Appellees had to answer a motion the Rules forbade Mr. Grimm from filing. It is that they had to answer it overnight and on an emergency basis, stripped of the notice and the multi-day window the Rules guarantee, because Mr. Grimm structured his filing to eliminate all procedural protections afforded to his opposing party. Rule 27.6's three-day requirement exists so that a proposed extension can be aired in the ordinary course, with time for the opponent to respond and for the Court to rule before the deadline. Rule 27.1's disclosure requirement serves the same end, by ensuring the opponent learns of the motion and can be heard; it requires an attorney to confer professionally and courteously before burdening the Court with a contested motion. By filing without notice, less than an hour before the deadline, Mr. Grimm collapsed that orderly

---

[5] This opinion is designated "For Publication" but has not yet been published and is not yet available on Lexis or Westlaw. It is available at https://www.ca5.uscourts.gov/opinions/pub/25/25-10572-CV0.pdf.

process into a middle-of-the-night emergency, leaving Appellees no way to be heard except to drop everything and respond at once. Requiring an adversary to incur emergency fees answering a motion that the Rules required to be noticed and filed days earlier is the archetype of proceedings multiplied "unreasonably and vexatiously," 28 U.S.C. § 1927, and it is the sort of dilatory tactic that § 1927 exists to deter, *Roadway Express*, 447 U.S. at 762.

This was no isolated lapse. Mr. Grimm has sought extensions of time nine separate times in this appeal, and this last request, filed in violation of the Rules and without a word to Appellees, is the culmination of that pattern. See Docs. 15, 27, 31, 50, 56, 58, 112, 129, 131. The cumulative effect of those serial requests has been to defer resolution at every turn, in a copyright action that was filed in 2020 and is now approaching its sixth birthday. Litigation continues in the District Court to this day despite the dispute as to whether this Court's mandate can possibly be reconciled with subsequent jurisprudence. The prejudice, in other words, is not merely that Appellees' counsel was forced to cast aside his other obligations to respond to an unnecessary and noncompliant motion at the drop of a hat; it is the pattern of compounding delay engineered by an attorney who knew better and decided to disregard the rules anyway.  Relief under Section 1927 and the Court's inherent power is especially warranted where, as here, counsel has behaved in a dilatory fashion. Sanctions under Section 1927 "are levied to compensate the victims of

dilatory practices, not as a means of punishment." *Hamilton*, 519 F.3d at 1206. If ever there were an example of dilatory behavior, it is an attorney who files *nine* total motions for an extension of time, while abandoning even the pretense of compliance with the rules on his final motion.

Appellant's delay is engineered rather than incidental. In the district court, Appellant insists that this Court is the only forum that can decide whether *Cox* and *Hikma* have displaced its mandate. See *Greer v. Moon*, No. 2:24-cv-00421 (D. Utah), ECF No. 481, at 2; *id*., ECF No. 482, at 2. Yet in this Court, the very forum Appellant says must decide the question, he does all he can to postpone the decision. The evident object of the ninth motion for an extension, filed without notice to Appellees and without even an attempt to follow this Court's rules, is to obtain by subterfuge what Appellant cannot obtain licitly: endless delay, and a practical inability to move the case forward in either court.

## III.    The Court should order Mr. Grimm to pay the specific fees his conduct caused.

The relief Appellees seek is modest. Section 1927 authorizes an order requiring Mr. Grimm, personally, to satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Undersigned counsel spent 2.3 hours, first thing on the morning of July 16, 2026, reviewing Doc. 131 and researching, drafting, and filing Appellees' opposition on

an emergency basis. At undersigned counsel's comparatively low hourly rate of $300, that time totals $690.

Undersigned counsel also spent an additional 2.9 hours preparing this Motion and the accompanying declaration, but Appellees waive the fees for that time and seek only the $690 attributable to the emergency opposition. This generous deduction is because their aim is to be made whole for the cost Mr. Grimm's misconduct imposed rather than to appear punitive toward him. *Haeger*, 581 U.S. at 108 (sanctions… "must be compensatory rather than punitive in nature.")

This request is narrowly limited to the fees Appellees would not have incurred but for the misconduct. *Id.* at 108–09. Appellees therefore ask the Court to order Mr. Grimm, personally,[6] to reimburse Appellees $690. The same award is available under the Court's inherent power. *Chambers*, 501 U.S. at 45–46. The accompanying Declaration of Matthew D. Hardin sets out these facts and explains why the time

---

[6] Mr. Greer is perhaps an unwitting victim of his attorney. Mr. Greer has a right to expect an attorney who can comply with the Court's rules and balance his professional obligations. *See, e.g., Green v. Commissioner,* Civil Action No. 24-cv-02752-CNS-NRN, 2026 U.S. Dist. LEXIS 119681, at *15 (D. Colo. Apr. 3, 2026) (a client might have a malpractice claim against an attorney who missed a deadline, but that does not mean the client is entitled to other relief in the underlying case), *Hanson v. Bosley & Bratch, Inc.*, Civil Action No. 17-cv-01489-PAB-STV, 2018 U.S. Dist. LEXIS 159520, at *5 (D. Colo. Sep. 18, 2018) (collecting cases for the proposition that "it is well known that attorneys should exercise due care not to miss critical deadlines that could result in the loss of their clients' claims."), *Mason v. Stock*, 869 F. Supp. 828, 835 (D. Kan. 1994) ("Counsel are expected to know the rules…").

was necessary and reasonable and why it had to be incurred on an emergency footing.

**STATEMENT UNDER LOCAL RULE 27.1**

Mr. Grimm has notice of this request. Undersigned counsel notified him of the facts that give rise to the motion by email on July 16, 2026 at 9:07 a.m. (Eastern Time). Hardin Declaration, Ex. B. Because Mr. Grimm offered no reply or explanation, nor any response at all, undersigned counsel sent a draft version of this Motion to Mr. Grimm at 10:20 p.m. (Eastern Time). *Id*. at Ex. C. Having again received no response, undersigned counsel sent a revised version of this Motion to Mr. Grimm on the morning of July 17, 2026. *Id*. at Ex. D. At 8:47 a.m. (Eastern Time) on July 17, 2026, Mr. Grimm responded for the first time. *Id*. at Ex. E. He offered (for the first time) an explanation for his failure to seek Appellees' position before filing his ninth motion, although it differs dramatically from what he said in his underlying pleading and is based on a gross mischaracterization of both the record in this case and the underlying correspondence.

In short, Mr. Grimm now claims that a "health issue" that is "recurrent" prevented him from contacting undersigned counsel on a particular day: Wednesday, July 15, 2026. Hardin Declaration at Exhibit E. Mr. Grimm also claims that he did not confer with undersigned counsel because he already knew their position. *Id*. Neither of these explanations, offered after the fact and unsupported by the

underlying pleading, helps Mr. Grimm. Nor do they explain Mr. Grimm's complete failure to grapple with Local Rule 27.6 (C)-(E) (explaining what information must be contained in a motion for an extension of time so that opposing parties can intelligently respond and the Court can properly exercise its discretion).

First, Mr. Grimm's filing discloses no "health issue." Nor does Mr. Grimm explain why a health issue – especially one that is "recurrent" – on one particular day (July 15) prevented him from reaching out to counsel three days prior to the deadline as required by Local Rule 27.6 (B). Mr. Grimm cannot be permitted to inject new issues for this Court's consideration in an email sent after the fact, when those issues were not disclosed or raised in his initial motion. But even if that attempt were excused, Mr. Grimm still was able to consult with counsel and obtain their position on any of the thirty or forty prior days that were available to him.

Second, Mr. Grimm mischaracterizes the record in an attempt to say that he was not required to ascertain Appellees' position on his *ninth* motion for an extension of time in this case. The parties' earlier correspondence does not indicate that Appellees took any position with reference to anything other than Mr. Grimm's first motion. Specifically, on June 15, 2026, Mr. Grimm reached out regarding his eighth proposed extension, which sought 30 additional days. Hardin Declaration at Exhibit A. With reference to that (eighth) request, Appellees' counsel stated that he "will take no position on the full 30-day request." *Id*. There was no discussion at all

of future requests by Mr. Grimm or by Appellees' counsel. Mr. Grimm's statement that he therefore knew what position counsel would take as to all subsequent motions is entirely unsupported.

**CONCLUSION**

For the foregoing reasons, Appellees respectfully request that the Court impose sanctions on Appellant's counsel, Andrew Grimm, personally, under 28 U.S.C. § 1927 and the Court's inherent power, and order Mr. Grimm to pay Appellees $690, representing the 2.3 hours of attorney time, at $300 per hour, that Appellees reasonably incurred because of the improper motion at Doc. 131, as itemized in the accompanying declaration; and grant such other relief as the Court deems just.

Dated: July 17, 2026

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive # 11506
Livingston, TX 77399
(202) 802-1948
MatthewDHardin@gmail.com
Attorney for Defendants-Appellees
Joshua Moon and Kiwi Farms

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 3407 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in Times New Roman 14-point, a proportionally spaced typeface.

/s/ Matthew D. Hardin
Matthew D. Hardin

## CERTIFICATE OF SERVICE

I certify that on July 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system, which will serve all counsel of record, including Andrew Grimm, counsel for Appellant.

/s/ Matthew D. Hardin
Matthew D. Hardin