**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

RUSSELL G. GREER,

    *Plaintiff-Appellant*,

v.                              Civil Appeal No. 21-4128

JOSHUA MOON, KIWI FARMS,

    *Defendant-Appellees*.

**DECLARATION OF MATTHEW D. HARDIN IN SUPPORT OF
APPELLEES' MOTION FOR SANCTIONS**

I, Matthew D. Hardin, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1.  I am counsel of record for Defendants-Appellees Joshua Moon and Kiwi Farms in this appeal, and I am admitted to practice before this Court. I have personal knowledge of the facts stated in this declaration and, if called, could testify to them competently.

2.  My hourly rate for my representation in this matter is $300 per hour.

3.  Mr. Grimm filed his second motion for an extension of time (Doc. 131) at approximately 11:20 p.m. Mountain Time on July 15, 2026, the day Appellant's response to Appellees' Motion to Recall the Mandate was due. Mr. Grimm did not contact me before filing, did not ask Appellees' position, and gave no advance notice that the motion was coming.

4.  I received Mr. Grimm's filing at 1:20 a.m. Eastern Time on July 16, 2026, but I was asleep at that hour and did not learn of it until I awoke approximately five hours later. Because Mr. Grimm had filed less than an hour before the deadline and without notice, I had no opportunity to address the motion during business hours, or on the ordinary schedule that the Tenth Circuit Rules ordinarily allow, before the deadline expired and the Court might act.

5.  As a result, first thing on the morning of July 16, 2026, I set aside my other work and prepared and filed Appellees' opposition to Doc. 131 on an emergency basis. I did so on an emergency footing solely because Mr. Grimm filed his motion without notice and at the last possible hour, which left no other way for Appellees to be heard before the Court might rule.

6.   In responding to Doc. 131, I spent 2.3 hours reviewing the motion, researching the applicable rules and authority, and drafting and filing Appellees' opposition. That time was necessary and reasonable. It was time I would not have had to spend, and certainly not on an emergency basis in the early morning, had Mr. Grimm complied with 10th Cir. R. 27.1 and 27.6 by disclosing Appellees' position and filing at least three days before the deadline, as he had done in every prior extension motion in this appeal.

7.  At my rate of $300 per hour, the 2.3 hours I reasonably incurred because of Mr. Grimm's noncompliant motion total $690.

8. I separately spent 2.9 hours preparing Appellees' motion for sanctions and this declaration. Appellees are not seeking to recover the fees for that time; those fees are waived. Appellees make this request solely to be made whole for the emergency opposition that Mr. Grimm's noncompliant motion forced upon them, and not to appear punitive toward Mr. Grimm.

9. I notified Mr. Grimm of the facts giving rise to the instant Motion on July 16, 2026, with an email sent at 9:07 a.m. (Eastern Time). I provided a draft of the Motion to Mr. Grimm at 10:20 p.m. (Eastern Time) that same day. Because I received no response, I sent a revised draft to Mr. Grimm on the morning of July 17, 2026. At 8:47 a.m. on July 17, I received a response from Mr. Grimm in which he offered, for the first time, an explanation as to the reason he was unable to seek Defendant's position on an extension of time on Wednesday, July 15, 2026. But not only does that explanation appear nowhere in the underlying filing with this Court, the explanation also would not justify Mr. Grimm's behavior even if true. Rule 27.1 requires a party to explain why they are unable to ascertain a party's legal position, and Rule 27.6 requires a party to state why "the reasons for the request did not exist or were unknown earlier."

10. Because Mr. Grimm's explanations for the delays in this case are shifting over time and he believes that my position is "unkind and unprofessional," and because Mr. Grimm misrepresents our prior correspondence in response to the

instant motion, I am attaching to this declaration a full file of my correspondence with Mr. Grimm with reference to this dispute. Exhibit A is my initial consent to a 14 day extension filed by Mr. Grimm, and an indication that Appellees would take no position on an initial, 30-day request. Exhibit B is my first attempt to reach out to Mr. Grimm as to the issues in this motion and declaration when I became aware of it. Exhibit C is my second attempt. Exhibit D is my third attempt. Exhibit E is Mr. Grimm's response, in which Mr. Grimm both mischaracterizes Appellees' position in prior correspondence as somehow relevant to a subsequent motion, and states for the first time that there were grounds for failing to consult with me as to the instant motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 2026.

/s/ Matthew D. Hardin
Matthew D. Hardin

EXHIBIT
A

From:  **Matthew Hardin** matthewdhardin@gmail.com
Subject:  Re: Extension Request - Greer v. Moon (10th Cir.)
Date:  June 15, 2026 at 3:37 PM
To:  Andrew Grimm  andrew.b.grimm@gmail.com
Bcc:  Joshua Moon  jcmoon@pm.me

Good afternoon,

We will consent to 14 extra days and will take no position on the full 30-day request. I'm sorry to hear of your illness but delighted to hear of your colleague's new arrival.

Best,

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Jun 15, 2026, at 3:35 PM, Andrew Grimm <andrew.b.grimm@gmail.com> wrote:
>
> Mr. Hardin,
>
> I hope this email finds you well.  I am going to seek a 30-day extension to file the response to your motion to recall the mandate and am requesting the professional courtesy of your assent to the motion or at least a statement of position.  Happy to reciprocate if you will need more time on the optional reply.
>
> There are several reasons which justify the extension, some of which I will recount in this email.  Notably, the first I heard of the motion was upon your filing on June 4.  I was quite sick at the time, which has caused some delay.  In addition, given that my firm had previously completed all services on behalf of Mr. Greer, we needed to figure out if we will be withdrawing or representing him in response to the motion, which took some time and was a decision only finalized late last night.  Furthermore, I have a lot of work to catch up on from the time period of my illness.  I have never litigated such a motion so it will take some time to do the research and properly present the position to the Honorable Court.  And, lead appellate counsel Gregory Keenan is no longer regularly practicing at the DJF but would like a chance to review the final product prior to submission.  He, however, welcomed another child to his family quite recently and so will need additional room to accommodate given his newborn infant.
>
> Please let me know your position on the extension.  It's my hope to avoid burdening the Honorable Court and Honorable Panel with a disputed motion.  I will file today.

Best,

Andrew Grimm

Appellate Attorney for Russell Greer

 

**From:** **Matthew Hardin** matthewdhardin@gmail.com
**Subject:** Re: Extension Request - Greer v. Moon (10th Cir.)
**Date:** July 16, 2026 at 9:07 AM
**To:** Andrew Grimm  andrew.b.grimm@gmail.com
**Bcc:** Joshua Moon  jcmoon@pm.me

Good morning,

I write to attach our response to the Motion you filed last night without consulting appellee. This email will also convey my extreme disappointment at waking up to your motion (filed at 12:20 a.m. Eastern Time) rather than being notified of it in the ordinary course, as I should have been under the Rules. I therefore spent the very early morning drafting a response that could have been addressed during normal business hours and on a non-emergent basis if you had the professional courtesy to follow the rules and alert us to your anticipated motion first. I make two points here so that Appellees' position is clear:

1. You should read what your client is filing in the District Court. There, Mr. Greer says that the Tenth Circuit is the only court that can address the scope of the mandate, and that the District Court is fully bound and powerless to apply *Cox* and *Hikma*. But you're telling the Tenth Circuit you still need to research the scope of the mandate and where it applies. Mr. Greer should pick a position and stick to it; changing positions depending on what court he's in feels more like a game of Hokey Pokey ("put your left leg in, pull your left leg out") than litigation. And games like that are what has already led Mr. Greer to be sanctioned on multiple occasions by the District Court.

2. Mr. Skordas consented to literally every extension you ever filed in this case, even one that was itself filed late (Doc Nos. 15, 27, 31, 50, 56, 58, 112). I consented to one more myself (Doc. No. 129). That's not a small number of extensions, and the cumulative impact of them is extraordinary. I'm as courteous as the next guy and do not make a practice of opposing extensions, even when my personal feeling is that good cause is lacking. But you should be aware that the prejudice to Appellees from further delay in a case that is already approaching its sixth birthday is extreme. We will not be consenting to any further extension absent the most serious of emergency circumstances.

Best,

> **OppoExtRecallflattened.pdf**
> 124 KB

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Jun 15, 2026, at 3:35 PM, Andrew Grimm <andrew.b.grimm@gmail.com> wrote:
>
> Mr. Hardin,
>
> I hope this email finds you well.  I am going to seek a 30-day extension to file the response to your motion to recall the mandate and am requesting the professional courtesy of your assent to the motion or at least a statement of position.  Happy to reciprocate if you will need more time on the optional reply.
>
> There are several reasons which justify the extension, some of which I will recount in this email.  Notably, the first I heard of the motion was upon your filing on June 4.  I was quite sick at the time, which has caused some delay.  In addition, given that my firm had previously completed all services on behalf of Mr. Greer, we needed to figure out if we will be withdrawing or representing him in response to the motion, which took some time and was a decision only finalized late last night.  Furthermore, I have a lot of work to catch up on from the time period of my illness.  I have never litigated such a motion so it will

the time period of my illness. I have never litigated such a motion so it will take some time to do the research and properly present the position to the Honorable Court. And, lead appellate counsel Gregory Keenan is no longer regularly practicing at the DJF but would like a chance to review the final product prior to submission. He, however, welcomed another child to his family quite recently and so will need additional room to accommodate given his newborn infant.

Please let me know your position on the extension. It's my hope to avoid burdening the Honorable Court and Honorable Panel with a disputed motion. I will file today.

Best,

Andrew Grimm

Appellate Attorney for Russell Greer





**From:** **Matthew Hardin** matthewdhardin@gmail.com 📎
**Subject:** Re: Extension Request - Greer v. Moon (10th Cir.)
**Date:** July 16, 2026 at 10:20 PM
**To:** Andrew Grimm andrew.b.grimm@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me

Good evening, Mr. Grimm.

I have now had the opportunity to review your 8 prior motions for an extension of time, which contrast in significant ways with the ninth motion. I have also had the opportunity to review the law. It is my belief that Appellees are entitled to recover their costs arising from your violation of the rules, regardless of how the underlying motion for an extension turns out. As the Supreme Court has explained, 28 U.S.C. § 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law" and governs attorney conduct independently of the merits of an underlying dispute. *Roadway Express v. Piper*, 447 U.S. 752, 754, 100 S. Ct. 2455, 2458 (1980).

Pursuant to Local Rule 27.1, I am writing to inquire as to your position on this Motion so that I can disclose it appropriately. As a courtesy, I am attaching the working draft of my forthcoming motion and declaration so that you can review it and convey your position accordingly. Please also advise if you believe this issue can be resolved without motions practice.

Best,



WorkingDraftJuly17.pdf

WorkingDraftDeclaration.pdf

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Jul 16, 2026, at 9:07 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning,

I write to attach our response to the Motion you filed last night without consulting appellee. This email will also convey my extreme disappointment at waking up to your motion (filed at 12:20 a.m. Eastern Time) rather than being notified of it in the ordinary course, as I should have been under the Rules. I therefore spent the very early morning drafting a response that could have been addressed during normal business hours and on a non-emergent basis if you had the professional courtesy to follow the rules and alert us to your anticipated motion first. I make two points here so that Appellees' position is clear:

1. You should read what your client is filing in the District Court. There, Mr. Greer says that the Tenth Circuit is the only court that can address the scope of the mandate, and that the District Court is fully bound and powerless to apply *Cox* and *Hikma*. But you're telling the Tenth Circuit you still need to research the scope of the mandate and where it applies. Mr. Greer should pick a position and stick to it; changing positions depending on what court he's in feels more like a game of Hokey Pokey ("put your left leg in, pull your left leg out") than litigation. And games like that are what has already led Mr. Greer to be sanctioned on multiple occasions by the District Court.

2. Mr. Skordas consented to literally every extension you ever filed in this case, even one that was itself filed late (Doc Nos. 15, 27, 31, 50, 56, 58, 112). I consented to one more myself (Doc. No. 129). That's not a small number of extensions, and the cumulative impact of them is extraordinary. I'm as courteous as the next guy and do not make a practice of opposing extensions, even when my personal feeling is that good cause is lacking. But you should be aware that the prejudice to Appellees from further delay in a case that is already approaching its sixth birthday is extreme. We will not be consenting to any further extension absent the most serious of emergency circumstances.

Best,

<OppoExtRecallflattened.pdf>

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

not be the intended recipient, please notify the sender and delete all copies.

On Jun 15, 2026, at 3:35 PM, Andrew Grimm <andrew.b.grimm@gmail.com> wrote:

Mr. Hardin,

I hope this email finds you well. I am going to seek a 30-day extension to file the response to your motion to recall the mandate and am requesting the professional courtesy of your assent to the motion or at least a statement of position. Happy to reciprocate if you will need more time on the optional reply.

There are several reasons which justify the extension, some of which I will recount in this email. Notably, the first I heard of the motion was upon your filing on June 4. I was quite sick at the time, which has caused some delay. In addition, given that my firm had previously completed all services on behalf of Mr. Greer, we needed to figure out if we will be withdrawing or representing him in response to the motion, which took some time and was a decision only finalized late last night. Furthermore, I have a lot of work to catch up on from the time period of my illness. I have never litigated such a motion so it will take some time to do the research and properly present the position to the Honorable Court. And, lead appellate counsel Gregory Keenan is no longer regularly practicing at the DJF but would like a chance to review the final product prior to submission. He, however, welcomed another child to his family quite recently and so will need additional room to accommodate given his newborn infant.

Please let me know your position on the extension. It's my hope to avoid burdening the Honorable Court and Honorable Panel with a disputed motion. I will file today.

Best,

Andrew Grimm

Appellate Attorney for Russell Greer



**MH**

**From:** **Matthew Hardin** matthewdhardin@gmail.com  📎
**Subject:** Re: Extension Request - Greer v. Moon (10th Cir.)
**Date:** July 17, 2026 at 7:58 AM
**To:** Andrew Grimm andrew.b.grimm@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me

Good morning,

I made some revisions to my draft motion and am again sharing it with you as a courtesy prior to filing.

Best,



**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Jul 16, 2026, at 10:20 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good evening, Mr. Grimm.
>
> I have now had the opportunity to review your 8 prior motions for an extension of time, which contrast in significant ways with the ninth motion. I have also had the opportunity to review the law. It is my belief that Appellees are entitled to recover their costs arising from your violation of the rules, regardless of how the underlying motion for an extension turns out. As the Supreme Court has explained, 28 U.S.C. § 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law" and governs attorney conduct independently of the merits of an underlying dispute. *Roadway Express v. Piper*, 447 U.S. 752, 754, 100 S. Ct. 2455, 2458 (1980).
>
> Pursuant to Local Rule 27.1, I am writing to inquire as to your position on this Motion so that I can disclose it appropriately. As a courtesy, I am attaching the working draft of my forthcoming motion and declaration so that you can review it and convey your position accordingly. Please also advise if you believe this issue can be resolved without motions practice.
>
> Best,
> <WorkingDraftJuly17.pdf>
> <WorkingDraftDeclaration.pdf>
> **Matthew D. Hardin**
> DC: 202-802-1948
> NYC: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
> > On Jul 16, 2026, at 9:07 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
> >
> > Good morning,
> >
> > I write to attach our response to the Motion you filed last night without consulting appellee. This email will also convey my extreme disappointment at waking up to your motion (filed at 12:20 a.m. Eastern Time) rather than being notified of it in the ordinary course, as I should have been under the Rules. I therefore spent the very early morning drafting a response that could have been addressed during normal business hours and on a non-emergent basis if you had the professional courtesy to follow the rules and alert us to your anticipated motion first. I make two points here so that Appellees' position is clear:
> >
> > 1. You should read what your client is filing in the District Court. There, Mr. Greer says that the Tenth Circuit is the only court that can address the scope of the mandate, and that the District Court is fully bound and powerless to apply *Cox* and *Hikma*. But you're telling the Tenth Circuit you still need to research the scope of the mandate and where it applies. Mr. Greer should pick a position and stick to it; changing positions depending on what court he's in feels more like a game of Hokey Pokey ("put your left leg in, pull your left leg out") than litigation. And games like that are what has already led Mr. Greer to be sanctioned on multiple occasions by the District Court.

litigation. And games like that are what has already led Mr. Greer to be sanctioned on multiple occasions by the District Court.

2. Mr. Skordas consented to literally every extension you ever filed in this case, even one that was itself filed late (Doc Nos. 15, 27, 31, 50, 56, 58, 112). I consented to one more myself (Doc. No. 129). That's not a small number of extensions, and the cumulative impact of them is extraordinary. I'm as courteous as the next guy and do not make a practice of opposing extensions, even when my personal feeling is that good cause is lacking. But you should be aware that the prejudice to Appellees from further delay in a case that is already approaching its sixth birthday is extreme. We will not be consenting to any further extension absent the most serious of emergency circumstances.

Best,

<OppoExtRecallflattened.pdf>

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Jun 15, 2026, at 3:35 PM, Andrew Grimm <andrew.b.grimm@gmail.com> wrote:

Mr. Hardin,

I hope this email finds you well. I am going to seek a 30-day extension to file the response to your motion to recall the mandate and am requesting the professional courtesy of your assent to the motion or at least a statement of position. Happy to reciprocate if you will need more time on the optional reply.

There are several reasons which justify the extension, some of which I will recount in this email. Notably, the first I heard of the motion was upon your filing on June 4. I was quite sick at the time, which has caused some delay. In addition, given that my firm had previously completed all services on behalf of Mr. Greer, we needed to figure out if we will be withdrawing or representing him in response to the motion, which took some time and was a decision only finalized late last night. Furthermore, I have a lot of work to catch up on from the time period of my illness. I have never litigated such a motion so it will take some time to do the research and properly present the position to the Honorable Court. And, lead appellate counsel Gregory Keenan is no longer regularly practicing at the DJF but would like a chance to review the final product prior to submission. He, however, welcomed another child to his family quite recently and so will need additional room to accommodate given his newborn infant.

Please let me know your position on the extension. It's my hope to avoid burdening the Honorable Court and Honorable Panel with a disputed motion. I will file today.

Best,

Best,

Andrew Grimm

Appellate Attorney for Russell Greer

**From:** **Andrew Grimm** andrew.b.grimm@gmail.com
**Subject:** Re: Extension Request - Greer v. Moon (10th Cir.)
**Date:** July 17, 2026 at 8:47 AM
**To:** Matthew Hardin matthewdhardin@gmail.com

Mr. Hardin,

*First*, I didn't reach out to you prior to the pending extension request because I was dealing with a health issue on Wednesday that meaningfully interrupted my ability to work.  It was difficult for me even to get the extension request on file before the deadline, given this recurrent health issue.  I can assure you the time of filing was not for some litigation advantage and it was not my intention to force you to rush out a response.  To the extent that you felt hurried, that was certainly not my intent.

*Second*, you had told me your position in response to the first request: you were only going to consent to the first 14 days and defer to the Honorable Court on the remainder of the time sought.  So, my view is that you already clarified your position.  I did not represent a position in the motion, so the Court was aware that it wasn't consented-to.  I'm frankly not sure of the prejudice.

*Third*, I appreciated the courtesies on timeframe given by opposing counsel in my practice.  I've returned them.  I've given opposing counsel as much time as they want and offering them to take more than requested from me.  I'd have certainly assented to 60 days or more were the roles reversed.  Litigation, especially on appeal, is a search for legal truth – not a game.  Accordingly, I'm more than happy to offer you client additional time on the reply, so I'm not sure what prejudice is being suffered by an additional nine days.  I've never opposed an extension request in my career – in any case or any forum.

*Fourth*, I am not privy to what Mr. Greer filed in the District Court as I do not represent him below and have not even been advising him as to the District Court action for some years now.  My present recollection is that the last we spoke about the case was the bill of appellate costs.  I can see how it would be frustrating for you think there is a change in law and feel that there is not way to air the argument, but that's not what's happening.  Rather, you're dealing with a *pro se* below and an appellate counsel before the Court of Appeals.

Would you do me the courtesy of sending me the docket-stamped filings by your client(s), by Mr. Greer, and any rulings thereto related to *Cox* below?  I am simply unaware of what's precisely been stated and what's been ruled upon.  If I

disagree with Mr. Greer's position taken below, I'll advise him as much.

I am not going to represent to you that Mr. Greer, a *pro se* litigant, is correct on a complex issue of the effect of evolutions and clarifications in law by the Courts of Appeals and the Supreme Court on pending cases or the procedural vehicle to ventilate those views.  But I also am not sure at present what he's said below and/or how purported change-in-governing law is applied in the Tenth Circuit.

Ultimately, I don't think it matters because I disagree with you about whether *Cox* changes the result in *Greer*, but as far as I am aware, the District Court would be allowed to <u>*consider*</u> them, but would be duty-bound to attempt to <u>*harmonize*</u> them if possible.  The Ninth Circuit authority about this issue is <u>Miller v. Gammie</u>, 335 F.3d 889 (9th Cir. 2003) (en banc).  If you have authority otherwise, please share it as well.

<u>*Fifth*</u>, your anticipated motion for sanctions is unkind and unprofessional and, I think, so unwarranted and meritless as to be deeply problematic.  I'm going to ask you as a professional courtesy not to file it, to waste the Court's time with it. I take very seriously that my obligation is to my clients and to the courts I appear before.  To the courts, this means familiarizing myself with the state of the through a thorough review of the case law, as best as I can do and, where my the amount of research I can within a given timeframe.  When more is needed due to personal and professional obligations and demands of the work, it's important to take the time and get it right – especially given that appellate decisions affect far more than the parties before the Court of Appeals, rather than rush out imprudent documents.

Extensive research has been especially necessary here because it's an odd procedural request – to recall a mandate years later for a pending trial-court case – which I was not budgeting time for given that the first I had heard of this recall-the-mandate motion was when you filed it.

Best,

Andrew Grimm

On Fri, Jul 17, 2026 at 4:58 AM Matthew Hardin <matthewdhardin@gmail.com> wrote:
> Good morning,
>
> I made some revisions to my draft motion and am again sharing it with you as a courtesy prior to filing.
>
> Best,

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Jul 16, 2026, at 10:20 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good evening, Mr. Grimm.

I have now had the opportunity to review your 8 prior motions for an extension of time, which contrast in significant ways with the ninth motion. I have also had the opportunity to review the law. It is my belief that Appellees are entitled to recover their costs arising from your violation of the rules, regardless of how the underlying motion for an extension turns out. As the Supreme Court has explained, 28 U.S.C. § 1927 "is indifferent to the equities of a dispute and to the values advanced by the substantive law" and governs attorney conduct independently of the merits of an underlying dispute. *Roadway Express v. Piper*, 447 U.S. 752, 754, 100 S. Ct. 2455, 2458 (1980).

Pursuant to Local Rule 27.1, I am writing to inquire as to your position on this Motion so that I can disclose it appropriately. As a courtesy, I am attaching the working draft of my forthcoming motion and declaration so that you can review it and convey your position accordingly. Please also advise if you believe this issue can be resolved without motions practice.

Best,
<WorkingDraftJuly17.pdf>
<WorkingDraftDeclaration.pdf>
**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Jul 16, 2026, at 9:07 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning,

I write to attach our response to the Motion you filed last night without consulting appellee. This email will also convey my extreme disappointment at waking up to your motion (filed at 12:20 a.m. Eastern Time) rather than being notified of it in the ordinary course, as I should have been under the Rules. I therefore spent the very early morning drafting a response that could have been addressed during normal business hours and on a non-emergent basis if you had the professional courtesy to follow the rules and alert us to your anticipated motion first. I make two points here so that Appellees' position is clear:

1. You should read what your client is filing in the District Court. There, Mr. Greer says that the Tenth Circuit is the only court that can address the scope of the mandate, and that the District Court is fully bound and powerless to apply *Cox* and *Hikma*. But you're telling the Tenth Circuit you still need to research the scope of the mandate and where it applies. Mr. Greer should pick a position and stick to it; changing positions depending on what court he's in feels more like a game of Hokey Pokey ("put your left leg in, pull your left leg out") than litigation. And games like that are what has already led Mr. Greer to be sanctioned on multiple occasions by the District Court.

2. Mr. Skordas consented to literally every extension you ever filed in this case, even one that was itself filed late (Doc Nos. 15, 27, 31, 50, 56, 58, 112). I consented to one more myself (Doc. No. 129). That's not a small number of extensions, and the cumulative impact of them is extraordinary. I'm as courteous as the next guy and do not make a practice of opposing extensions, even when my personal feeling is that good cause is lacking. But you should be aware that the prejudice to Appellees from further delay in a case that is already approaching its sixth birthday is extreme. We will not be consenting to any further extension absent the most serious of emergency circumstances.

Best,

<OppoExtRecallflattened.pdf>

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Jun 15, 2026, at 3:35 PM, Andrew Grimm <andrew.b.grimm@gmail.com> wrote:

# Mr. Hardin,

I hope this email finds you well. I am going to seek a 30-day extension to file the response to your motion to recall the mandate and am requesting the professional courtesy of your assent to the motion or at least a statement of position. Happy to reciprocate if you will need more time on the optional reply.

There are several reasons which justify the extension, some of which I will recount in this email. Notably, the first I heard of the motion was upon your filing on June 4. I was quite sick at the time, which has caused some delay. In addition, given that my firm had previously completed all services on behalf of Mr. Greer, we needed to figure out if we will be withdrawing or representing him in response to the motion, which took some time and was a decision only finalized late last night. Furthermore, I have a lot of work to catch up on from the time period of my illness. I have never litigated such a motion so it will take some time to do the research and properly present the position to the Honorable Court. And, lead appellate counsel Gregory Keenan is no longer regularly practicing at the DJF but would like a chance to review the final product prior to submission. He, however, welcomed another child to his family quite recently and so will need additional room to accommodate given his newborn infant.

Please let me know your position on the extension. It's my hope to avoid burdening the Honorable Court and Honorable Panel with a disputed motion. I will file today.

Best,

Andrew Grimm

Appellate Attorney for Russell Greer