**NOT SCHEDULED FOR ORAL ARGUMENT**

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

## No. 21-4128

RUSSELL GREER,

*Appellant,*

v.

JOSHUA MOON, *et al.*

*Appellees.*

Appeal from the U.S. District Court for the District of Utah

## MOTION FOR LEAVE TO FILE OVERLENGTH REPLY IN SUPPORT OF MOTION TO RECALL THE MANDATE

Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive #11506
Livingston, TX 77399
MatthewDHardin@gmail.com
202-802-1948

*Attorney for Appellees*

Appellees Joshua Moon and Lolcow LLC respectfully move for leave to file the accompanying reply, of 4,464 words, in support of their Motion to Recall the Mandate (Doc. 126). A reply to a response to a motion is ordinarily limited to 2,600 words. Fed. R. App. P. 27(d)(2)(C). Appellees file this motion together with the proffered overlength reply.

Pursuant to 10th Cir. R. 27.1, undersigned counsel emailed counsel for Appellant on the morning of July 25, 2026, requested Appellant's position, and set out, with the record citations detailed below, the specific grounds for the request. Exhibit A. Counsel for Appellant responded within minutes, in one word: "Opposed." *Id.*

## I. Mr. Greer's response raises eight distinct arguments.

The first ground for leave is the sheer number of arguments the reply must answer. Mr. Greer's response is not one argument but eight: (1) that recall is a "last resort" foreclosed by four allegedly unattempted alternative vehicles, Doc. 135 at 2–4; (2) that recall would prejudice Appellant's ability to amend his pleadings and take discovery, *id.* at 4–5; (3) that recall would present "extremely complex factual considerations," *id.* at 5; (4) that the motion is a "sub silentio" circumvention of the limits on interlocutory appellate jurisdiction, *id.* at 6; (5) that prudential principles and *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208 (10th Cir. 2023), require the district court

to act first, Doc. 135 at 7–8; (6) that Appellees' continued participation in the district court worked a prejudice, *id.* at 9; (7) that *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026), supports Appellant, Doc. 135 at 10; and (8) that *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), supports Appellant as well, on four sub-grounds. Doc. 135 at 10–12. A complete reply must also address the standard governing recall of a mandate, this Court's Rule 41.2 (which the response does not mention), the history of Appellees' 2023 petition for rehearing *en banc* (which the response characterizes), and the posture of the remanded proceedings.

## II. Appellant's response mischaracterizes the record, and correcting a mischaracterization requires quoting the record.

The second ground for leave is that the Appellees cannot fully rebut inaccurate statements as to the record in this case (both in this Court and below) in the allotted word count. Mr. Greer's response repeatedly describes the record of this case, both as that record stood before the panel and as it has developed since the mandate issued, in ways that are flatly inaccurate.

A reply confronting mischaracterizations of the record presents two options for Appellees: they can characterize the record back without citation, which helps no one, or quote the record, which consumes words. Three

examples follow. Each contrasts what the response asserts with what the underlying documents say, and each was identified, with these same citations, in the July 25 conferral email to which counsel for Appellant responded "Opposed."

**A. The response's account of Mr. Moon's conduct.** The response asserts that Mr. Moon is being sued for "posting infringing links, mocking and undermining Mr. Greer's use of the DMCA process, and encouraging others to infringe," Doc. 135 at 10, that he "encouraged infringement by his active and direct acts on his platform – posting the DMCA notice, posting the links, encouraging others to disrespect Mr. Greer's rights, etc.," *id.* at 11, and that he is being sued for "what he did on his site," *id.* at 12.

The record contains no allegation that Mr. Moon posted any infringing link or uploaded any copyrighted work personally, and indeed this Court's panel opinion was based entirely on an inducement theory. *Greer v. Moon*, 83 F.4th at 1295. Both of Appellant's complaints attribute the infringing link and the uploads to third-party users rather than to Appellees, such that it is entirely unclear why Mr. Greer's response to the Motion to Recall suddenly makes a different allegation. The Appellant's First Amended Complaint expressly alleges that "[s]omebody created a copy of Greer's book and put it

3

in a Google Drive file that is accessible on Kiwi Farms," First Am. Compl., ECF No. 247 ¶ 38, that "*[o]ther users* on Kiwi Farms have created unauthorized audio recordings of Greer's books," *id.* ¶ 42 (*emphasis added*), and that the users "Russtard" and "Moseph.Jartelli" urged and accomplished the uploading of Appellant's song so that no one would "accidentally give[] Russell money." *Id.* ¶¶ 50–51, 134–35.

The panel's opinion recounts the original complaint's identical attributions: "Kiwi Farms users provided a Google Drive link to a full copy of Mr. Greer's book," users created the audio recordings, and a user posted the song. *Greer v. Moon*, 83 F.4th 1283, 1288–89 (10th Cir. 2023). The *only* conduct the panel attributed to Mr. Moon personally was that he refused removal requests, republished the takedown correspondence, and derided the request. The panel's holding rests on "the reposting of the takedown notice, combined with the refusal to take down the infringing material," and on nothing else. *Id.* at 1290, 1295.

Demonstrating that Mr. Greer's account of who posted the infringing links has no source in the record requires quoting the complaints and the panel opinion side by side, as contrasted with the rewritten and unsourced narrative in Mr. Greer's response to the motion. Characterization cannot do that work; only quotation can.

**B. The response's account of the available alternatives.** The response argues that recall must be denied because "[t]here are alternatives" in the district court that "simply have not been attempted," Doc. 135 at 3–4, and that prudence requires the district court to pass on the *Cox* and *Hikma* question first. *Id.* at 7–8. The response does not disclose that Appellees moved the district court for precisely such relief on June 4, 2026 (ECF Nos. 477, 478), that those motions are fully briefed and pending, or, most importantly, what Appellant told the district court when he opposed them. Under a heading declaring "Defendants' Cox/Hikma Argument Belongs in the Tenth Circuit...", the Appellant told the District Court that it had no authority to rule because "that is an argument for the Tenth Circuit..." ECF No. 482 at 2 (June 18, 2026).

Below, Mr. Greer argues that the district court "is not the proper forum to overrule, bypass, or disregard the Tenth Circuit's controlling decision in this case," *id.*, and that "the proper forum is the Tenth Circuit." A reply must therefore establish, with quotations, that every alternative vehicle the response offers this Court is one Appellant has already told the district court is unavailable or improper. Additional words are required to show from the record that Mr. Greer is simultaneously telling the District Court that this

Court is the only available avenue for relief, while also telling this Court that all arguments belong in the District Court.

**C. The response's account of discovery.** The response argues that recall would "short-circuit[]" procedures through which Appellant could develop his case, Doc. 135 at 4, that amendment or discovery "could render any dispute over the governing law entirely moot," *id.* at 5, and that recall "would prejudice the ability to complete discovery." *Id.* Unfortunately, the response does not disclose the actual state of discovery in the District Court. And in Mr. Greer's most recent filing on the subject below, Appellant himself "oppose[d] Defendants' request to lift the stay or enter a scheduling order" and asked the district court to "maintain the stay." ECF No. 455 at 2, 5 (Mar. 25, 2026).

Mr. Greer's response in this Court describes as prejudice the loss of a discovery process that is halted *at Appellant's own urging*. Establishing that point requires citation and quotation of approximately six district court filings and orders. It cannot be done in a sentence, and it cannot be omitted, because it answers an argument the Mr. Greer raised for the first time in this Court in his response to the Motion to Recall the Mandate.

6

### III. The requested length is modest and will assist the Court.

Appellees do not seek unlimited length; they seek fewer than double the default words to answer eight arguments and present multiple record corrections, in a matter concerning the continued force of a published opinion of this Court. The response itself consumed 2,608 words after two extensions of time. Doc. 135 at 13; Docs. 129, 131, 134. Where, as here, the accuracy of the record is in dispute, the additional words will be spent quoting primary documents, which is the form of argument most useful to the Court and least susceptible to characterization. The alternative is a reply that must choose between answering the response's arguments and documenting the record. The Court should not have to choose between those things either.

### Conclusion

Appellees respectfully request leave to file the accompanying reply, of 4,464 words, in support of their Motion to Recall the Mandate. In the alternative, if the Court denies leave, Appellees respectfully request a period of three business days from the date of the Court's order in which to file a reply conforming to the 2,600-word limit of Fed. R. App. P. 27(d)(2)(C).

Respectfully submitted this the 31st day of July, 2026,

/s/ Matthew D. Hardin
Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Counsel for Defendants-Appellees*

## Certificate of Compliance

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,680 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Georgia.

/s/ Matthew D. Hardin
Matthew D. Hardin

## Certificate of Service

I certify that on July 31, 2026, I caused the foregoing to be filed through the Court's CM/ECF system, which will serve all registered counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin