## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

RUSSELL G. GREER,

    *Plaintiff-Appellant*,

    v.

JOSHUA MOON, KIWI FARMS,

    *Defendant-Appellees*.

Civil Appeal No. 21-4128

## RESPONSE TO REQUEST FOR OVERLENGTH REPLY

Now, Appellees have filed an overlength reply. Dkt.137-1. Alongside this over-wordcount reply, they've filed a motion seeking leave to file this overlength reply. Dkt.136-1.

**_First_**, if the Honorable Court denied the motion to recall the mandate, this motion can simply be denied as moot.

**_Second_**, the word counts should be noted.

By default, appellate motions or responses can be up to "5,200 words." FRAP 27(d)(2)(A). The reply can ordinarily is set at half of the response, *i.e.*, be up to "2,600 words." FRAP 27(d)(2)(B).

Here, Appellant's motion response was approximately *half-length* – at 2,608 words. 10th.Cir.Dkt.135:13. Appellees want roughly an additional 2000 words or so to reply. Yet, the succinct half-length nature of the response belies the necessity of a reply approaching double length.

1

*__Third__*, as a rule of thumb, a request for an overlength reply can be an indicator that the movant is trying to introduce new argumentation into the reply – an inappropriate move.

That's true here.  Many of the arguments in the reply are simply inappropriate for a reply and, so, should be stricken.  They are simply by no means a basis to *extend* the word count.

For example, the overlength motion argues that necessity of the overlength reply is, *inter alia*, to "address the standard governing recall of a mandate[.]" Dkt.136-1:3.  Not quite.  That should've been done *in the motion* given that it's a motion to recall the mandate.  So, in arguing for an overlength reply, the request for an overlength brief implicitly concedes that the *motion* was itself in important ways defective.

An overlength reply is not the solution.  That's the kind of behavior then necessitates a sur-reply, *etc.*  It's why a movant is expected to include all arguments in their motion and not make new arguments in reply.  This is *why* motion should include those arguments.

*__Fourth__*, much of the purported necessity for additional words is simply irrelevant argumentation.

The governing standard on whether to recall the mandate is whether there is no other option, *i.e.*, whether recalling a mandate is the movant's "***last resort***. Calderon v. Thompson, 523 U.S. 538, 549-553, (1998). And, the motion response pointed out at least four options that could be taken instead: (1) interlocutory appeal under 28 U.S.C. § 1292(b), (2) mandamus, (3) direct appeal,[1] and (4) Rule 60 relief. If any of those are potentially available, which they are, the recall-the-mandate motion should be denied.

Yet, the reply gets into tangents about what the *pro se* litigant argued below or the present state of the litigation, as the overlength motion admits. See Dkt.136-1:6-7. For example, the overlength motion seems to think there is an inconsistency between what's argued below because the *pro se* litigant argued that the issue should be heard by "the Tenth Circuit." Dkt.136-1:7. *Yet*, notably, three of the four vehicles to attempt to ventilate the arguments *are* exactly that – attempts to seek Tenth Circuit review before the Tenth Circuit, either by (1) an *interlocutory appeal*, (2) an *appellate* mandamus petition, (3) a direct *appeal*. And, the fourth channel, Rule 60(b) relief, *also* permits an *appeal* thereafter. So, rather than demonstrate some profound inconsistency, the reply and overlength motion merely betray that they are either unaware of the nature of these options – or don't like them.

---

[1] And, notably, direct appeal includes Rule 54(b) entry of judgment on a single claim if there are multiple claims at issue. See FRCP 54(b).

3

Moreover, the overlength reply thinks that a *present stay of proceedings* below somehow vitiates the point that taking a *sub silentio* interlocutory appeal overrides the Federal Rules of Civil Procedure regarding the orderly process in cases. See Dkt.136-1:7. Yet, the mere fact that the case's discovery may be *presently* stayed doesn't mean that it will *forever* be stayed. In short, amendments and discovery *exist* to create a full record and ensure that trial courts can make full decisions.

**_Fifth_**, the overlength motion suggests that the undersigned has misapprehended the case here by suggesting that Mr. Moon posted links to his website.

Appellees' counsel might do to re-read this Honorable Court's opinion. Specifically, Mr. Moon plainly posted Mr. Greer's DMCA takedown to his Kiwi Farms website. Greer v. Moon, 83 F.4th 1283, 1290 (10th Cir. 2023) ("On receipt, Mr. Moon published Mr. Greer's notice onto Kiwi Farms, along with Mr. Greer's contact information.").

And, the published opinion itself even includes a picture of what he posted, with the links in blue:

4

**DMCA Takedown Notice**

04/28/2019

Dear Joshua Moon,

My name is Russell Greer. A website that you own is infringing on at least two copyrights owned by me. Two copyrights that I own, a song and an electronic copy of my book, were copied onto your site without permission. They are as follows:

"Why I Sued Taylor Swift and How I Became Falsely Known as Frivolous, Litigious and Crazy." It has a copyright number of TX0008469519. A book. (https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=Greer+Russell+&Search_Code=NALL&PID=51683eU1psHogiJyEHxUpUmMXooz&SEQ=20190418103504&CNT=25&HIST=1).

"I Don't Get You, Taylor Swift". A song. It is distributed through CD Baby and can be found on https://store.cdbaby.com/New. It has a copyright application number of 7596396601.

The unauthorized and infringing copies can be found at: https://kiwifarms.net/threads/russell-greer-theofficialinstaofrussellgreer.30488/. In this link, you will find my book contained in a Google Drive link (https://drive.google.com/drive/folders/0B2VdH79IRT1RN1pvdnJ1cTk2cUU). The link for my song is here: https://kiwifarms.net/threads/russell-greer-theofficialinstaofrussellgreer.30488/page-1448#post-4579377.

This letter is official notification under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"), and I seek the removal of the aforementioned infringing material from your servers. I request that you immediately notify the infringer of this notice and inform them of their duty to remove the infringing material immediately, and notify them to cease any further posting of infringing material to your server in the future.

Please also be advised that law requires you, as a service provider, to remove or disable access to the infringing materials upon receiving this notice. Under US law a service provider, such as yourself, enjoys immunity from a copyright lawsuit provided that you act with deliberate speed to investigate and rectify ongoing copyright infringement. If service providers do not investigate and remove or disable the infringing material, this immunity is lost. Therefore, in order for you to remain immune from a copyright infringement action, you will need to investigate and ultimately remove or otherwise disable the infringing material from your servers with all due speed should the direct infringer, your user, not comply immediately.

I am providing this notice in good faith and with the reasonable belief that rights that I own are being infringed. Under penalty of perjury, I certify that the information contained in the notification is both true and accurate. Please email me at ███████████████ when this material has been removed. You have until Monday, the 29th, to comply.

Thank you.
Russell Greer

Id.

So, the overlength motion itself simply trades in mischaracterizations that could be corrected by re-familiarizing itself with the facts at issue – and *this* critical fact that sharply distinguishes *this* case from <u>Cox</u>.  To put it plainly, internet-service providers like Cox Communications are not posting these materials.

All in all, the motion says it's a "modest" request for a nearly double-length reply.  It's not.  It should be denied.

Date: August 11, 2026                    Respectfully submitted,

/s/ Andrew Grimm
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew.B.Grimm@Gmail.com

*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

This filing contains **936** words.

This filing was prepared in Microsoft Word using Times New Roman 14-point font.

Date: August 11, 2026                    Respectfully submitted,

                                         */s/ Andrew Grimm*
                                         Andrew Grimm


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate electronic filing system.

Date: August 11, 2026                    Respectfully submitted,

                                         */s/ Andrew Grimm*
                                         Andrew Grimm