**NOT SCHEDULED FOR ORAL ARGUMENT**

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

## No. 21-4128

RUSSELL GREER,

*Appellant,*

v.

JOSHUA MOON, *et al.*

*Appellees.*

Appeal from the U.S. District Court for the District of Utah

**APPELLEES' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE OVERLENGTH REPLY**

Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive #11506
Livingston, TX 77399
MatthewDHardin@gmail.com
202-802-1948

*Attorney for Appellees*

Appellant's response opposing leave to file the proposed 4,464-word reply, Doc. 138, confirms that leave to file additional words is warranted. The Court should therefore grant the Motion.

## ARGUMENT

### I. No new matter was contained for the first time on reply.

Arguing against the merits of Appellees' brief, Appellant identifies one supposed example of new matter raised for the first time in the overlength reply: the discussion of the standard governing recall. Doc. 138 at 2. Appellant's premise is incorrect. The opening motion expressly invoked "the Court's inherent authority to recall its mandate and Tenth Circuit Rule 41.2." Doc. 126-1 at 1. It then devoted a separate section to *Calderon v. Thompson*, the extraordinary-circumstances standard, the interests in repose, and Rule 41.2. *Id.* at 4–6.

The proposed reply supplies additional authority because Appellant's response raised additional objections. Appellant argued that recall is unavailable because other procedural vehicles exist, that *Crow Tribe of Indians v. Repsis* requires the district court to act first, that recall would evade the limitations on interlocutory jurisdiction, and that prejudice and repose foreclose relief. Doc. 135 at 2–9. The proposed reply answers those contentions. It does not supply a ground omitted from the motion.

1

Fed. R. App. P. 27(a)(4) permits a reply that relates to the response. Every substantive section of the proposed reply answers an argument made by the Appellant.

## II. The number and scope of Appellant's arguments justify the requested length.

Appellant's response asserted four alternative remedies, two forms of prejudice, factual and jurisdictional objections, a separate argument under *Repsis*, and competing interpretations of *Cox Communications, Inc. v. Sony Music Entertainment* and *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.* Doc. 135 at 2–12. Appellant now revisits several of those merits questions while opposing additional space to answer them. Doc. 138.

Appellees seek 1,864 words beyond the ordinary reply limit. Those words are necessary to permit a record-based answer to arguments Appellant chose to raise.

## III. Reposting Greer's takedown notice cannot plausibly constitute inducement after *Hikma*.

Appellant says Appellees mischaracterized the record because the DMCA takedown notice Mr. Moon is alleged to have republished contained hyperlinks. Doc. 138 at 4–6. Mr. Greer's own screenshot from this Court's panel opinion shows the opposite. It depicts one act: republication of Mr.

Greer's DMCA notice as received, including the words and URLs that *Mr. Greer* placed in his demand. The exhibit shows no separate post in which Mr. Moon supplied links as his own content, directed users to infringe, or instructed anyone to copy or distribute Mr. Greer's works.

Any attempt to reimagine republication of a DMCA notice as "posting infringing links" depends entirely on what readers might infer or do after seeing the URLs embedded in Mr. Greer's own text. The Supreme Court recently rejected that mode of pleading. It held that "statements *designed to* stimulate others form a narrower category than statements that *could* stimulate others." *Hikma Pharm. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1400 (2026) (*emphasis added*). Even implicit inducement must communicate a clear, affirmative message to the relevant audience. *Id.* at 1401.

Mr. Greer's DMCA notice communicated a demand for removal to Mr. Moon. Republishing the document communicated the existence and terms of that dispute. The inclusion of the sender's own URLs does not convert the publication into a clear message from Mr. Moon encouraging users to infringe. Any contrary conclusion rests on the same "could be read as encouragement" theory that *Hikma* rejected. See *id.* at 2, 9 & n.3.

3

*Hikma* also treated compliance with law or standard industry practice as an obvious lawful explanation. *Id.* at 1400-1401 and n.3. The opening motion (and the prior petition for rehearing en banc) explained that publication of takedown notices is standard Internet practice. Doc. Nos. 126-1 at 9, 104 at 12 *et seq.* Recasting that ordinary act as inducement because Greer's notice contained URLs would impose liability on the basis of the reader's possible reaction, rather than any message Moon designed to stimulate infringement. *Hikma* completely forecloses that result.

This issue illustrates why the Apellees' reply brief required room to distinguish the panel's former inference from the standard the Supreme Court has now prescribed. Appellant's disagreement with that analysis is a reason to consider the proposed reply on its merits. It is not a basis for refusing to file it.

## CONCLUSION

The Court should grant Docket No. 136 and direct the Clerk to file Docket No. 137.

Respectfully submitted this 12th day of August, 2026,

> _/s/ Matthew D. Hardin_
> Matthew D. Hardin
> HARDIN LAW OFFICE
> 101 Rainbow Drive # 11506
> Livingston, TX 77399
> Telephone: (202) 802-1948
> Email: MatthewDHardin@gmail.com
> _Counsel for Appellees_

**CERTIFICATE OF COMPLIANCE**

I certify that this document contains 749 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared in Microsoft Word using 14-point Georgia.

_/s/ Matthew D. Hardin_
Matthew D. Hardin

**CERTIFICATE OF SERVICE**

I certify that on August 12, 2026, I caused the foregoing to be filed through the Court's CM/ECF system, which will serve all registered counsel of record.

_/s/ Matthew D. Hardin_
Matthew D. Hardin