**NOT SCHEDULED FOR ORAL ARGUMENT**

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

**No. 21-4128**

RUSSELL GREER,

*Appellant,*

v.

JOSHUA MOON, *et al.*

*Appellees.*

Appeal from the U.S. District Court for the District of Utah

## REPLY IN SUPPORT OF MOTION TO RECALL THE MANDATE

Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive #11506
Livingston, TX 77399
MatthewDHardin@gmail.com
202-802-1948

*Attorney for Appellees*

**Introduction**

Mr. Greer argues that another proceeding should decide whether this Court's published 2023 opinion survives *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583 (2026), and *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026). He scarcely defends this Court's extant inducement analysis. The record defeats both positions.

In District Court, Greer argued that "the proper forum is the Tenth Circuit" and that the lower court could not "overrule, bypass, or disregard" the panel decision. ECF Nos. 481 at 2–3, 482 at 2. He now argues that various district court remedies make recall unavailable. Resp. 3–4, 7–8. The object of this gamesmanship is obvious: to prevent either court from addressing the panel decision's continuing force after *Cox* and *Hikma*.

Judge Campbell dismissed Greer's contributory-copyright claim in 2021 because it alleged no intentional causation, inducement, or material contribution to infringement. ECF 37 at 5. The panel reversed by inferring inducement from two lawful acts. The 2023 rehearing petition identified that departure from *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). Doc. 104 at 5, 8, 12. *Cox* and *Hikma* adopt the disciplined

analysis Judge Campbell applied (and effectively abrogate this Court's far more expansive approach).

## I. The panel's inducement holding cannot survive *Cox* and *Hikma*.

### A. The response misstates what Moon allegedly did.

The response recasts this as a case about Moon "posting infringing links." Resp. 10–11. The complaints and panel opinion attribute the links and uploads to Kiwi Farms users, not Moon. *Greer v. Moon*, 83 F.4th 1283, 1288–90 (10th Cir. 2023); Doc. 136 at 3–5. The panel's ultimate inducement inference rested on two acts: republishing Greer's DMCA notice and refusing his removal demand. It inferred encouragement from "the reposting of the takedown notice, combined with the refusal to take down the infringing material." *Greer,* 83 F.4th at 1295.

An earlier motion compares the pleadings and panel opinion. Both complaints attribute the Google Drive link, recordings, and song to users. Neither alleges that Moon created an infringing copy or supplied an infringing link as his own content. Doc. 136 at 3–5. Moon allegedly republished Greer's DMCA notice exactly as received. The record shows no separate post in which Moon supplied a link as his own content or instructed anyone to copy or distribute Greer's work. Doc. 139 at 2–4. Greer's DMCA

notice demanded removal of content. Republishing it documented that dispute. It did not communicate a clear, affirmative message from Moon urging users to infringe, as *Hikma* requires. 146 S. Ct. at 1400–01.

Greer's closest allegation of user-directed encouragement cites a general FAQ position that "non-famous" works are fair use and predicts what the statement "would inspire." ECF 247 ¶¶ 94, 97-99. But even that allegation identifies no instruction to copy, upload, or distribute a work. The FAQ allegation says only that users might treat a general fair-use position as an invitation to infringe. *Hikma* distinguishes speech designed to stimulate infringement from speech that could stimulate it. Greer alleges only the latter. 146 S. Ct. at 1400.

The panel agreed that a website operator "must do something other than allow an infringing use to exist on their website." *Greer,* 83 F.4th at 1295. Its ultimate inducement formulation identified only one affirmative act: republication of Greer's notice. After *Cox* and *Hikma*, speech bridges the gap between knowledge and inducement only if it clearly and affirmatively encourages infringement.

### B. *Cox* requires specific affirmative acts.

When a service has substantial lawful uses, *Cox* requires inducement or a service tailored to infringement. *Cox*, 607 U.S. at 593–94. However,

Greer alleges no tailoring and does not claim that Kiwi Farms lacks substantial lawful uses. Inducement is the only remaining theory. It requires specific affirmative conduct showing intent to promote infringement. *Id.* at 593.

*Cox* received 163,148 notices identifying subscriber IP addresses and terminated only 32 subscribers for infringement. *Id.* at 590–91. It prevailed because knowledge and insufficient preventive action, without inducement or a service tailored to infringement, did not establish contributory liability. *Id.* at 593–96. Moon's refusal likewise amounts to knowledge plus allegedly insufficient preventive action. Republishing a DMCA demand is speech about the dispute. Neither act promotes infringement to users. Greer conceded below that under *Cox*, "merely providing a service to the general public, with knowledge that some users may infringe, is not enough." ECF 482 at 3.

The contrast with *Grokster* is decisive. The defendants there promoted and marketed their software as a tool for infringement. *Cox*, 607 U.S. at 593; *Hikma*, 146 S. Ct. at 1400. Greer alleges no comparable promotion, solicitation, instruction, or assistance by Moon. Those holdings foreclose his claims.

Greer's response calls *Cox* factually different because Moon is not a broadband provider. Resp. 11. But the Supreme Court's holding is a rule of contributory copyright liability, without a broadband-only limitation. Greer also says *Cox* did not change the law. *Id.* That misses the point. An intervening decision need not announce a novel doctrine to establish that circuit precedent applied existing law incorrectly.

*Cox* vindicates the 2023 rehearing petition. It objected to "encouragement" detached from *Grokster*'s purposeful-conduct requirement. Doc. 104 at 5, 8, 12. *Cox* rejected the Fourth Circuit's expansion beyond *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), and *Grokster* because knowledge and inadequate prevention could not substitute for inducement. 607 U.S. at 595–96. That is Greer's theory here.

**C. *Hikma* forecloses the inference on which the panel relied.**

*Hikma* reversed the Federal Circuit's holding that because a physician could read the defendant's statements as encouragement to infringe, inducement liability was available. 146 S. Ct. at 1396. The Supreme Court held that "statements designed to stimulate others form a narrower category than statements that could stimulate others." *Id.* at 1400. Even implicit inducement must communicate a clear, affirmative message to the relevant

audience. *Id.* at 1401. That somebody "could read" an ambiguous statement as inducement is insufficient.

This Court's panel used the same method *Hikma* rejected. It drew a "reasonable inference" that reposting plus refusal "amounted to encouragement." *Greer*, 83 F.4th at 1295. Any theory that URLs embedded in Greer's notice could lead readers to infringe asks what readers might infer or do. It does not identify a message Moon *designed* to stimulate infringement. Doc. 139 at 3-4. A DMCA takedown demand speaks to its recipient and demands removal. Its republication communicates the existence and terms of a dispute. It does not become Moon's clear instruction to infringe simply because Greer included URLs in the demand itself.

*Hikma* supplies an independent reason the claim fails. Conduct consistent with law or standard industry practice has an obvious lawful explanation. 146 S. Ct. at 1401–02. Publishing takedown notices is a standard transparency practice, as Appellees argued. Doc. 104 at 8–10, 12–13; Doc. 126-1 at 9; Doc. 139 at 4–5. *Hikma* also excludes "mere omissions, inactions, or nonfeasance." 146 S. Ct. at 1402. Refusing a disputed DMCA demand asserts a fair-use position. Mocking the sender addresses the sender. None communicates a clear, affirmative inducement message to users.

Greer's theory can work only if otherwise lawful conduct "could be read as" encouragement. *Hikma* squarely rejected that test. 146 S. Ct. at 1396, 1400. A rule treating republication of a takedown notice as inducement would also turn the notice sender's own words and URLs into evidence of the recipient's culpable purpose. Nothing in *Cox*, *Hikma*, or *Grokster* permits that attribution.

Combining the two acts does not supply the missing message. The refusal is inaction. Republication documents the dispute. Two acts that separately communicate no inducement do not acquire such a message by addition. The panel's contrary inference is the speculation about audience reaction that *Hikma* bars.

Greer's answer that *Hikma* is a patent case directly contradicts *Cox*: contributory copyright liability tracks patent law. *Cox*, 607 U.S. at 588 (discussing 35 U.S.C. §§ 271(b), (c)). *Hikma*'s construction of active inducement under § 271(b) therefore supplies the standard to which *Cox* anchored copyright inducement.

**II. These circumstances warrant recall or modification.**

Recall requires extraordinary circumstances because mandates carry "profound interests in repose." *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998). *Calderon* concerned a final capital judgment after federal habeas

proceedings had run their course. *Id.* at 557. This mandate reversed a pleading-stage dismissal and governs litigation still underway. No final judgment, scheduling order, or trial date exists. Discovery remains stayed, at Greer's urging. Doc. 136 at 6. There is no comparable reliance interest to unsettle.

This Court has recalled mandates in ongoing civil cases when later events made their operation unjust. *Coleman v. Turpen*, 827 F.2d 667, 671 (10th Cir. 1987). It modified a mandate after *Hagen v. Utah*, 510 U.S. 399 (1994), could not be reconciled with a prior, continuing judgment. *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1526–30 (10th Cir. 1997). Other circuits have done the same when intervening Supreme Court authority changed the governing rule while litigation remained pending. *See Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988); *Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 594, 599 (3d Cir. 1977).

*Coleman* recognized this Court's power to set aside a mandate "to prevent an injustice, or to preserve the integrity of the judicial process." 827 F.2d at 671. *Ute Indian Tribe* explained that finality carries less force when an erroneous judgment affects continuing conduct. 114 F.3d at 1526-28.

Leaving parties and district courts bound by a rule the Supreme Court has displaced implicates both concerns.

*Gondeck v. Pan American World Airways, Inc.*, 382 U.S. 25, 26-27 (1965) (*per curiam*) (quoting *United States v. Ohio Power Co.*, 353 U.S. 98, 99 (1957)), likewise allowed finality to yield when strict adherence would be unjust.

This case presents stronger grounds than those precedents require. Two intervening Supreme Court decisions, from which no Justice dissented, address the precise inducement requirement in a way that conflicts with this Court's mandate. The mandate controls ongoing proceedings, while the published opinion binds every district court in this Circuit. A district judge cannot withdraw or narrow that precedent. Only this Court can.

## III. *Repsis* and the proposed alternatives favor relief.

The response relies chiefly on *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208 (10th Cir. 2023). There, a 1994 judgment, affirmed in 1995, remained subject to Rule 60(b), allowing consideration of *Herrera v. Wyoming*, 587 U.S. 329 (2019). This Court declined recall because that alternative remained open. *Id.* at 1222 & n.7. Here, no final judgment exists, so Rule 60(b) is unavailable. Fed. R. Civ. P. 60(b). Greer also tells the District Court it has no power to act.

Appellees moved below under Rules 54(b) and 12(c) on the day *Hikma* issued. ECF Nos. 477, 478. Greer opposed those motions because he said the district court is bound by the panel opinion and "the proper forum is the Tenth Circuit." Doc. 136 at 5-6. Greer now tells this Court the district court should decide first. Resp. 3-4, 7-8. That maneuver supplies no open alternative. Greer directs each court to the other while the published opinion continues to bind both the parties and district courts throughout this Circuit.

Greer's proffered alternative vehicles fail to solve the problem. Section 1292(b) and Rule 54(b) permit review of district-court rulings; Appellees ask this Court to revisit its own mandate. Mandamus would present the same issue under a harder standard, with no district-court opinion to review. Waiting for final judgment would require discovery, dispositive motions, and perhaps trial under a published rule that *Cox* and *Hikma* have displaced. Absent recall, a later appeal would consume resources and leave the published opinion untouched in the meantime.

Nor did Appellees dally in seeking relief. They moved below on June 4, 2026, the day *Hikma* issued. Those motions were fully briefed by June 22 and remain pending. Doc. 136 at 5-6. The response's assertion that alternatives "simply have not been attempted," Resp. 3-4, omits that record.

Rule 41's silence does not displace inherent recall power, *Calderon*, 523 U.S. at 549, and Tenth Circuit Rule 41.2 expressly contemplates recall motions. Nor does this motion evade interlocutory-jurisdiction limits. No district-court order exists or is challenged. Appellees invoke this Court's power over its judgment and mandate in an appeal within its § 1291 jurisdiction. *Coleman* and *Ute* required no district-court certification.

*Repsis* relied on *Standard Oil Co. of California v. United States*, 429 U.S. 17, 19 (1976), for the narrower point that trial courts should address Rule 60(b) motions first. 74 F.4th at 1222. If this Court prefers district-court assessment of *Cox* and *Hikma* first, it can modify the mandate accordingly. *Id.* Greer cannot fairly oppose relief below as mandate-forbidden and oppose relief here because the district court remains available.

The full institutional problem remains even if the district court finds some way to act. A district court may decide a live motion, but it cannot withdraw this Court's published opinion. Unless this Court acts, *Greer* will continue to instruct every district court in the Circuit that a republished takedown notice can transform a refusal into inducement. *Cox* and *Hikma* permit no such rule.

## IV. The remaining objections do not justify delay.

The issue is legal: whether the allegations the panel considered satisfy *Cox* and *Hikma*. Discovery cannot alter those allegations or the governing standard. Greer's request to preserve discovery is also difficult to credit because he asked the district court to maintain the stay. Doc. 136 at 6. Rule 15 does not entitle a plaintiff to keep a superseded published rule in place while seeking a different complaint.

The docket confirms the point. Discovery has been stayed since May 2025 and will remain stayed until the district court resolves pending motions. Greer's most recent filing on the subject opposed lifting the stay or entering a scheduling order. Doc. 136 at 6. No deposition can change what the complaints allege, and a possible future amendment cannot change the standard those allegations must satisfy.

The response's claim of "extremely complex factual considerations," Resp. 5, fares no better. At the pleading stage, the allegations are assumed true. The panel decided their legal sufficiency from the complaint. This Court can reassess the same allegations under intervening law. And appellees' alternative request to clarify the district court's authority requires no factual assessment at all.

Appellees' continued defense below forfeited nothing. The post-*Cox* sought District Court relief despite Greer's present insistence in this Court that no such attempt to present the issues to the District Court was made. ECF Nos. 477, 478. The cost of continued litigation (six years and counting) under an untenable, abrogated standard supports prompt correction.

Those proceedings caused no cognizable appellate prejudice. A defendant does not surrender this Court's remedy by defending a case he did not bring. Thirty months of collateral litigation under the mandate strengthen the case for resolving the controlling legal issue now.

**Conclusion**

*Cox* holds that contributory copyright liability requires inducement or a service tailored to infringement. *Hikma* requires affirmative conduct directed to producing infringement. Neither decision drew a dissent. The response cannot reconcile those rules with liability inferred from refusing and publishing a DMCA demand.

The Court should recall the mandate, withdraw or vacate the October 16, 2023 opinion, and affirm dismissal of the contributory-copyright claims. Alternatively, it should modify the mandate to make clear that the district court may apply *Cox* and *Hikma* without constraint from the prior opinion.

Respectfully submitted this 17th day of August, 2026,

/s/ Matthew D. Hardin
Matthew D. Hardin
HARDIN LAW OFFICE
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Counsel for Appellees*

## Certificate of Compliance

Undersigned counsel certifies that this document contains 2,584 words, excluding the parts exempted by Fed. R. App. P. 32(f).

/s/ Matthew D. Hardin
Matthew D. Hardin

## Certificate of Service

I certify that on August 17, 2026, I caused the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Matthew D. Hardin
Matthew D. Hardin