# United States District Court
# District of Utah



**D. Mark Jones**
Clerk of Court

**Anne W. Morgan**
Chief Deputy Clerk

October 27, 2021

Russell G. Greer
PO BOX 46602
LAS VEGAS, NV 89114

RE:    NOTICE OF APPEAL
        Greer v Moon, et al.
        Plaintiff/Appellant  Defendant/Appellee
        Lower Docket: 2:20cv00647 TC

Dear Appellant:

Attached are the following documents in connection with the Notice of Appeal filed in the above captioned case:

        Copy of the Notice of Appeal (filed 10/26/202110/26/2021)
        Copy of the Docket Sheet
        Order or Judgment being appealed from

The record on appeal will be transmitted to the Court of Appeals at a later date in accordance with the Rules of Court for the U.S. Court of Appeals for the 10th Circuit.  This case contains sealed documents. This case contains a sealed document.

Sincerely,

D. Mark Jones, Clerk

By: /s/Aimee Trujillo
Aimee Trujillo
Deputy Clerk

DMJ:
**cc**: Clerk, U.S. Court of Appeals, Tenth Circuit
Judge Tena Campbell
Court Reporter:
Counsel of Record
District: 1088
Fee Status: Not Paid

APPEAL,CLOSED,COPYRIGHT,LODGE_DOC,PROSE,PRO_SE_EMAILER

Email All Attys

Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: <u>2:20–cv–00647–TC</u>

| | |
|---|---|
| Greer v. Moon et al | Date Filed: 09/16/2020 |
| Assigned to: Judge Tena Campbell | Date Terminated: 09/21/2021 |
| Demand: $5,300,000 | Jury Demand: None |
| Cause: 17:0501 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Russell G. Greer**             represented by   **Russell G. Greer**
PO BOX 46602
LAS VEGAS, NV 89114
801–895–3501
Email: <u>russmark@gmail.com</u>
PRO SE

V.

**Defendant**

**Joshua Moon**             represented by   **Gregory G. Skordas**
*publisher of the website Kiwi Farms*         SKORDAS & CASTON LLC
124 S 400 E STE 220
SALT LAKE CITY, UT 84111
801–531–7444
Fax: 801–665–0128
Email: <u>gskordas@schhlaw.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kiwi Farms**             represented by   **Gregory G. Skordas**
*a website*         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/16/2020 | <u>1</u> | | **\*\*SEALED DOCUMENT\*\*** MOTION for Leave to Proceed in forma pauperis. Assigned to Magistrate Judge Cecilia M. Romero for review, case file forwarded to Magistrate Judge. (**Received by the court on: 09/16/2020**) filed by Plaintiff Russell G. Greer. (Attachments: # <u>1</u> Supplement)(dw) (Entered: 09/16/2020) |

| 09/24/2020 | 2 | | ORDER granting 1 Motion for Leave to Proceed in forma pauperis. Signed by Magistrate Judge Cecilia M. Romero on 09/24/2020. (jl) (Entered: 09/24/2020) |
|---|---|---|---|
| 09/24/2020 | 3 | | COMPLAINT against Kiwi Farms, Joshua Moon **(Originally received by the court on 09/16/2020).** (Fee Status: IFP) filed by Russell G. Greer. (Attachments: # 1 Exhibit A, # 2 Exhibit A1, # 3 Exhibit A2, # 4 Exhibit A3, # 5 Exhibit A4, # 6 Exhibit A5, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R, # 24 Exhibit S, # 25 Exhibit T, # 26 Exhibit U, # 27 Exhibit V, # 28 Exhibit W, # 29 Exhibit X, # 30 Exhibit Y, # 31 Exhibit Z) Assigned to Judge Tena Campbell (jl) (Additional attachment(s) added on 9/24/2020: # 32 Civil Cover Sheet 1) (jl). (Entered: 09/24/2020) |
| 09/24/2020 | 4 | | MOTION for Service by Publication or Other Alternative Means filed by Plaintiff Russell G. Greer. (jl) Modified on 9/25/2020: corrected motion relief and entry text (alt) (Entered: 09/24/2020) |
| 09/24/2020 | 5 | | Pro Se MOTION for Email Filing and Notification filed by Plaintiff Russell G. Greer. (Attachments: # 1 ENotice Registration Form)(jl) (Entered: 09/24/2020) |
| 09/24/2020 | 6 | | Report on the Filing of an action mailed to the Register of Copyrights Office. (Attachments: # 1 Exhibit Complaint) (jl) (Entered: 09/24/2020) |
| 09/25/2020 | 7 | | MOTION for Preliminary Injunction filed by Plaintiff Russell G. Greer (alt) (Entered: 09/25/2020) |
| 09/25/2020 | 8 | | MEMORANDUM in Support re 7 MOTION for Preliminary Injunction filed by Plaintiff Russell G. Greer (alt) (Entered: 09/25/2020) |
| 09/29/2020 | 9 | | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Jared C. Bennett under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. Motions referred to Jared C. Bennett. So ordered by Judge Tena Campbell on 9/29/20 (dcket text only – no attached document) (alt) (Entered: 09/29/2020) |
| 10/09/2020 | 10 | | MEMORANDUM DECISION AND ORDER denying 4 Motion for Service by Process; granting 5 Pro Se Motion for Email Filing and Notification. Signed by Magistrate Judge Jared C. Bennett on 10/9/2020. (jwt) (Entered: 10/09/2020) |
| 10/13/2020 | 11 | | DOCKET TEXT ORDER RE–REFERRING CASE to Magistrate Judge Jared C. Bennett under 28:636 (b)(1)(B), Magistrate to handle case up to and including R&R on all dispositive matters. So ordered by Judge Tena Campbell on 10/13/20 (docket text only – no attached document) (alt) (Entered: 10/13/2020) |
| 10/13/2020 | | | MOTION REFERRED per 11 Re–Referral Order – 7 MOTION for Preliminary Injunction: motion referred to Jared C. Bennett (alt) (Entered: 10/13/2020) |
| 12/30/2020 | 12 | | ORDER TO PROPOSE SCHEDULE – Plaintiff must propose a schedule to defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen (14) days after any defendant has appeared or twenty–eight (28) days after any defendant has been served with the complaint. See order for additional instructions. Signed by Judge Tena Campbell on 12/30/20 (alt) (Entered: 12/30/2020) |

| 01/04/2021 | 13 | | NOTICE of Change of Address by Russell G. Greer (alt) (Entered: 01/06/2021) |
|---|---|---|---|
| 01/26/2021 | 14 | | ORDER: on or before 2/15/21, plaintiff shall file with the court a listing of the names and addresses of persons upon whom service should be made via the US Marshal or file a renewed motion for alternative service – failure to comply with the 2/15/21 deadline may result in dismissal of this action. The deadline for service is hereby extended to 3/31/21. Signed by Magistrate Judge Jared C. Bennett on 1/26/21 (alt) (Entered: 01/26/2021) |
| 02/10/2021 | 15 | | MOTION for Service by Alternative Method filed by Plaintiff Russell G. Greer (Attachments: # 1 Exhibit A) Motion referred to Jared C. Bennett (alt) (Entered: 02/10/2021) |
| 02/16/2021 | 16 | | MEMORANDUM DECISION AND ORDER granting 15 Motion for Alternative Service (via email): Plaintiff must file an affidavit proving service as required by FRCivP 4(l). Signed by Magistrate Judge Jared C. Bennett on 2/16/21 (alt) (Entered: 02/16/2021) |
| 03/16/2021 | 17 | | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Joshua Moon at legal@kiwifarms.net.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (nmt) (Entered: 03/16/2021) |
| 03/18/2021 | 18 | | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Kiwi Farms.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (nmt) (Entered: 03/18/2021) |
| 03/22/2021 | 19 | | ACKNOWLEDGMENT OF SERVICE Executed per the 16 Order on Motion for Alternative Service, filed by Russell G. Greer. Kiwi Farms served via email on 3/19/2021, answer due 4/9/2021; Joshua Moon served via email on 3/19/2021, answer due 4/9/2021 (alt) (Entered: 03/22/2021) |
| 04/09/2021 | 20 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendants Kiwi Farms, Joshua Moon. Motions referred to Jared C. Bennett. Attorney Gregory G. Skordas added to party Kiwi Farms(pty:dft), Attorney Gregory G. Skordas added to party Joshua Moon(pty:dft)(Skordas, Gregory) (Entered: 04/09/2021) |
| 04/09/2021 | 21 | | RESPONSE to Motion re 7 MOTION for Preliminary Injunction filed by Defendants Kiwi Farms, Joshua Moon. (Skordas, Gregory) (Entered: 04/09/2021) |
| 04/09/2021 | 22 | | Motions No Longer Referred: 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (cff) (Entered: 04/09/2021) |
| 04/13/2021 | 23 | | Motions No Longer Referred: 7 MOTION for Preliminary Injunction (alt) (Entered: 04/13/2021) |
| 04/13/2021 | 24 | | |

| | | | |
|---|---|---|---|
| | | | DOCKET TEXT ORDER RE–REFERRING CASE to Magistrate Judge Jared C. Bennett under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. The magistrate judge is no longer referred on dispositive motions under 28:636(b)(1)(B). So ordered by Judge Tena Campbell on 4/13/21 (docket text only – no attached document) (alt) (Entered: 04/13/2021) |
| 04/20/2021 | 25 | | REPLY to Response to Motion re 7 MOTION for Preliminary Injunction filed by Plaintiff Russell G. Greer (Attachments: # 1 Exhibit A–M) (alt) (Entered: 04/20/2021) |
| 05/05/2021 | 26 | | MEMORANDUM in Opposition re 20 MOTION to Dismiss for Failure to State a Claim filed by Plaintiff Russell G. Greer (Attachments: # 1 Exhibit A, # 2 Exhibit B) (alt) (Entered: 05/05/2021) |
| 05/07/2021 | 27 | | MOTION for Hearing/Oral Argument re 7 MOTION for Preliminary Injunction, 20 MOTION to Dismiss for Failure to State a Claim, filed by Plaintiff Russell G. Greer. Motion referred to Jared C. Bennett (alt) (Entered: 05/07/2021) |
| 05/10/2021 | 28 | | Motions No Longer Referred: 27 MOTION for Hearing re 7 MOTION for Preliminary Injunction, 20 MOTION to Dismiss for Failure to State a Claim. (cff) (Entered: 05/10/2021) |
| 05/18/2021 | 29 | | ORDER denying 27 Motion for Hearing/Oral Argument. Signed by Judge Tena Campbell on 5/18/21 (alt) (Entered: 05/18/2021) |
| 05/19/2021 | 30 | | Defendant's REPLY to Response to Motion re 20 MOTION to Dismiss for Failure to State a Claim filed by Defendants Kiwi Farms, Joshua Moon. (Skordas, Gregory) (Entered: 05/19/2021) |
| 08/07/2021 | 31 | | MOTION for Leave to File Supplemental Brief filed by Plaintiff Russell G. Greer (Attachments: # 1 Proposed Supplemental Brief) Motion referred to Jared C. Bennett (alt) (Entered: 08/09/2021) |
| 08/10/2021 | 32 | | Motion No Longer Referred to Magistrate Judge Jared C. Bennett: 31 MOTION for Leave to File Supplemental Brief filed by Plaintiff Russell G. Greer. District Judge Tena Campbell will handle the motion. (jcd) (Entered: 08/10/2021) |
| 08/23/2021 | 33 | | Defendant's MEMORANDUM in Opposition re 31 MOTION for Leave to File Supplemental Brief filed by Defendants Kiwi Farms, Joshua Moon. (Skordas, Gregory) (Entered: 08/23/2021) |
| 09/05/2021 | 34 | | REPLY to Response to Motion re 31 MOTION for Leave to File Supplemental Brief filed by Plaintiff Russell G. Greer (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (alt) (Entered: 09/07/2021) |
| 09/17/2021 | 35 | | MOTION for Leave to File Second Supplemental Brief filed by Plaintiff Russell G. Greer (Attachments: # 1 Proposed Second Supplemental Brief) Motion referred to Jared C. Bennett (alt) (Entered: 09/20/2021) |
| 09/21/2021 | 36 | | Motion No Longer Referred to Magistrate Judge Jared C. Bennett: 35 MOTION for Leave to File Second Supplemental Brief filed by Plaintiff will be handled by District Court Judge Tena Campbell. (aja) (Entered: 09/21/2021) |
| 09/21/2021 | 37 | | |

| | | | |
|---|---|---|---|
| | | | ORDER AND MEMORANDUM DECISION denying 31 Motion for Leave to File supplemental brief; denying 35 Motion for Leave to File supplemental brief; granting 20 Motion to Dismiss for Failure to State a Claim; denying as moot 7 Motion for Preliminary Injunction. Signed by Judge Tena Campbell on 9/21/21 (alt) (Entered: 09/21/2021) |
| 09/21/2021 | 38 | | JUDGMENT that this case is dismissed with prejudice – CASE CLOSED. Magistrate Judge Jared C. Bennett no longer assigned to case. Signed by Judge Tena Campbell on 9/21/21 (alt) (Entered: 09/21/2021) |
| 09/21/2021 | 39 | | Report on the Final Decision of an action mailed to the Register of Copyrights Office (alt) (Entered: 09/21/2021) |
| 09/29/2021 | 40 | | MOTION to Alter Judgment and Memorandum in Support, MOTION to Reopen Case and Memorandum in Support filed by Plaintiff Russell G. Greer. (jrj) (Entered: 09/29/2021) |
| 09/29/2021 | 41 | | DOCUMENTS LODGED consisting of Motion, Proposed Amended Complaint and Proposed Order. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. Lodged per chambers (TC,NL). (Attachments: # 1 Proposed Amended Complaint, # 2 Proposed Order)(jrj) (Entered: 09/30/2021) |
| 10/18/2021 | 42 | | Defendant's MEMORANDUM in Opposition re 40 MOTION to Alter Judgment MOTION to Reopen Case filed by Defendants Kiwi Farms, Joshua Moon. (Skordas, Gregory) (Entered: 10/18/2021) |
| 10/22/2021 | 43 | | REPLY to Response to Motion re 40 MOTION to Alter Judgment MOTION to Reopen Case filed by Plaintiff Russell G. Greer (alt) (Entered: 10/22/2021) |
| 10/26/2021 | 44 | | ORDER AND MEMORANDUM DECISION denying 40 Motion to Alter Judgment; denying 40 Motion to Reopen Case. Signed by Judge Tena Campbell on 10/26/21 (alt) (Entered: 10/26/2021) |
| 10/26/2021 | 45 | | NOTICE OF APPEAL as to 37 Memorandum Decision/Order on Motion for Leave to File, Order on Motion for Preliminary Injunction, Order on Motion to Dismiss for Failure to State a Claim, 38 Judgment, 44 Memorandum Decision/Order on Motion to Alter Judgment, Order on Motion to Reopen Case, filed by Russell G. Greer. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 505. (alt) (Entered: 10/27/2021) |

Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

**FILED**
**2021 OCT 26 PM 5:34**
**CLERK**
**U.S. DISTRICT COURT**

## IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>    Defendants | **NOTICE OF APPEAL TO THE 10TH CIRCUIT COURT OF APPEALS**<br><br>  Case No.: 2:20-cv-00647<br><br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Notice is hereby given pursuant to Fed. R. App. P. 3 that Plaintiff respectfully appeals to the United States Court of Appeals for the Tenth Circuit the District Court's 09-21-2021 final judgement, Dkt. 38, and order rejecting motion to alter , Dkt. 44, insofar as they grant the motion to dismiss filed by Defendant Kiwi Farms and Joshua Moon, Dkt. 20, and rejecting Plaintiff's motion to alter, Dkt 40 and plaintiff's motion to file amended complaint, Dkt 41.

The statutory basis for this appeal is 28 U.S.C. § 1291.

Respectfully

DATED:  October 26th, 2021

Respectfully submitted

By:

Russell Greer
Pro Se Litigant
/rgreer

## <u>CERTIFICATE OF SERVICE</u>

An electronic copy of the Notice of Appeal has been sent to the following attorneys, Greg

Skordas, via the court electronic filing system.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>               Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual,<br>and KIWI FARMS, a website,<br><br>               Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:20-cv-00647-TC-JCB<br><br>District Judge Tena Campbell |

Pro se plaintiff Russell Greer brings this lawsuit against Defendants Joshua Moon and Kiwi Farms,[1] seeking monetary damages and injunctive relief.  In his complaint, Mr. Greer raises five causes of action against the Defendants: contributory copyright infringement, electronic communications harassment, false light, defamation, and defamation by implication.  (Compl., ECF No. 3.)  The Defendants now move to dismiss all five claims under Federal Rule of Civil Procedure 12(b)(6).  (Mot. to Dismiss, ECF No. 20.)  For the following reasons, the court GRANTS the motion to dismiss and DENIES all other motions.

### FACTUAL ALLEGATIONS[2]

Defendant Joshua Moon operates Kiwi Farms, an online forum where users "exploit and showcase those . . . deemed to be eccentric and weird."  (Compl. ¶¶ 13–14, ECF No. 3.)  Some

---

[1] Kiwi Farms is a website.  Kiwi Farms, https://kiwifarms.net (last visited Sept. 21, 2021).  Perplexingly, the Defendants do not raise the issue that Kiwi Farms, as a website, is not a legal entity capable of being sued.  Cf. Schiavone v. Fortune, 477 U.S. 21 (1986) (holding that Fortune magazine is a trademark, not a legal entity that could be sued); Teamsters Loc. Union No. 727 Health & Welfare Fund v. L & R Grp. of Cos., 844 F.3d 649, 651 (7th Cir. 2016) ("You can't sue a 'rubric' any more than you could sue the Chicago River or the Magnificent Mile as a proxy for the City of Chicago."); Gerardy v. Seventh Dist. Ct., No. 2:17-CV-945 RJS, 2019 WL 1979665, at *2 (D. Utah May 3, 2019) (holding that a plaintiff cannot sue a state court).

[2] All factual allegations come from Mr. Greer's complaint.  The court accepts them as true for the purposes of this order.  See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., 771 F.3d 697, 700 (10th Cir. 2014).

users go beyond discussing people online and purportedly "stalk and harass" their subjects.  (<u>Id.</u> ¶ 14.)  Plaintiff Russell Greer became the target of Kiwi Farms users' acrimony after he filed a lawsuit against a famous pop star in late 2016.  (<u>Id.</u> ¶ 16.)  Some users began harassing him, even going so far as to call his employer.  (<u>Id.</u> ¶¶ 17–24.)  In response to the harassment, Mr. Greer self-published a book about the lawsuit, hoping to tell his side of the story.  (<u>Id.</u> ¶¶ 25–27.)  The harassment only intensified.  (<u>Id.</u> ¶¶ 28–36.)  After his book received numerous negative online reviews, Mr. Greer recorded a song and placed it for sale online.  (<u>Id.</u> ¶¶ 48–60.)  His book and his song ended up being posted on Kiwi Farms without his consent, causing Mr. Greer to become the target of even more derision.  (<u>Id.</u> ¶¶ 47, 53.)

In April 2019, Mr. Greer sent Kiwi Farms a takedown notice under the Digital Millennium Copyright Act (DMCA), requesting that the site take down any posts that infringed on his copyrights.  (<u>Id.</u> ¶¶ 65–66.)  Mr. Moon refused, claiming protection under "fair use," and he mocked Mr. Greer's DMCA notice.  (<u>Id.</u> ¶¶ 67–71.)  Since then, Kiwi Farms users have uploaded more of Mr. Greer's songs without his consent.  (<u>Id.</u> ¶ 74.)

In early 2020, Mr. Greer was a defendant in an unrelated criminal case.  (<u>Id.</u> ¶ 146.)  This case came to the attention of Kiwi Farms users and soon became a new discussion topic.  (<u>Id.</u> ¶ 157.)  Kiwi Farms' news page even advertised one of the court hearings: "July 2020: Russell [Greer] has a date… in court, with one of his victims."  (<u>Id.</u> ¶ 163.)  Mr. Moon has also allegedly appeared on YouTube to discuss Mr. Greer's case.  (<u>Id.</u> ¶¶ 160–161, 164.)  As part of the proceedings, Mr. Greer was required to undergo a mental health evaluation, but the prosecution ended up dropping that requirement.  (<u>Id.</u> ¶¶ 150–152.)  Kiwi Farms users claimed that Mr. Greer had refused the evaluation.  (<u>Id.</u> ¶ 159.)  Finally, in September 2020, Mr. Greer filed the present action against Mr. Moon and Kiwi Farms, seeking monetary and injunctive relief for alleged

2

copyright violations, harassment, and various speech torts.  In April 2021, the Defendants jointly

moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must plead facts

sufficient to state a claim to relief that is plausible on its face."  Slater v. A.G. Edwards & Sons,

Inc., 719 F.3d 1190, 1196 (10th Cir. 2013) (internal quotation marks omitted) (quoting Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the complaint contains

"factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235

(10th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  The court must accept all well-pleaded

allegations in the complaint as true and construe them in the light most favorable to the plaintiff.

Albers, 771 F.3d at 700.  The court's function is "not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted."  Sutton v. Utah Sch. for the Deaf & Blind,

173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.

1991)).

A pro se plaintiff's complaint should be construed liberally, and it should be held to a less

stringent standard than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106

(1976); Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  This rule requires the court to look

beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or

sentence construction.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  Liberal

construction does not, however, require the court to assume the role of advocate for the pro se

plaintiff—Mr. Greer is expected to construct his own arguments and theories.  See id.

3

## ANALYSIS

In his complaint, Mr. Greer raises five causes of action against the Defendants:
contributory copyright infringement, electronic communications harassment, false light,
defamation, and defamation by implication.  The court will consider each in turn.

### I.    Contributory Copyright Infringement

Mr. Greer's first cause of action is for contributory copyright infringement.
"Contributory copyright infringement is derivative of direct copyright infringement."  Savant
Homes, Inc. v. Collins, 809 F.3d 1133, 1146 (10th Cir. 2016).  As the Supreme Court explained,
"One infringes contributorily by intentionally inducing or encouraging direct infringement."
Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005).  To establish
contributory infringement, a plaintiff must allege: (1) direct copyright infringement by a third
party; (2) the defendant knew of the direct infringement; and (3) the defendant intentionally
caused, induced, or materially contributed to the direct infringement.  See Diversey v. Schmidly,
738 F.3d 1196, 1204 (10th Cir. 2013); Boatman v. U.S. Racquetball Ass'n, 33 F. Supp. 3d 1264,
1273 (D. Colo. 2014).  A plaintiff can establish contributory liability by "showing a defendant
'authorized the infringing use.'"  Diversey, 738 F.3d at 1204 (quoting Softel, Inc. v. Dragon Med.
& Sci. Commc'ns., Inc., 118 F.3d 955, 971 (2d Cir. 1997)).

Mr. Greer alleges the Defendants are liable for contributory infringement because
(1) Kiwi Farms users have posted Mr. Greer's copyrighted book and songs on the website,
(2) the Defendants knew of the infringement because Mr. Greer sent them a DMCA takedown
notice and Mr. Moon acknowledged it, and (3) the Defendants have "knowingly and willfully
permitted" Mr. Greer's copyrighted works to remain on the site.  (Compl. ¶¶ 40–42, 52–55, 63–
69, 111, ECF No. 3.)  In response, the Defendants argue that Mr. Greer's contributory

4

infringement claim fails because his complaint does not allege that the Defendants "induced or encouraged any users of Kiwi Farms to infringe on Plaintiff's copyright material before the material was posted online."  (Mot. to Dismiss at 5, ECF No. 20).

Mr. Greer has sufficiently alleged prongs (1) and (2) of contributory copyright infringement.  What is missing is the Defendants' intentionally causing, inducing, or materially contributing to the infringement.  It is not enough for contributory liability for a defendant to have merely "permitted" the infringing material to remain on the website, without having "induc[ed] or encourag[ed]" the initial infringement.  See Grokster, 545 U.S. at 930.  The Tenth Circuit has not held otherwise.[3]  Accordingly, Mr. Greer's first cause of action is DISMISSED with prejudice.

## II.    Electronic Communications Harassment

Mr. Greer's second cause of action is for electronic communications harassment. It fails as a matter of law because as the Defendants point out, and as Mr. Greer concedes, Utah Code Ann. § 76-9-201 does not authorize a private cause of action.  Nunes v. Rushton, 299 F. Supp. 3d 1216, 1238 (D. Utah 2018).  Mr. Greer's second cause of action is therefore DISMISSED with prejudice.

## III.    Kiwi Farms and Section 230 of the Communications Decency Act

Mr. Greer's third, fourth, and fifth causes of action are for false light, defamation, and defamation by implication.  The Defendants raise as a defense the Communications Decency Act (CDA), 47 U.S.C. § 230, which states that "[n]o provider or user of an interactive computer

---

[3] Because the Tenth Circuit has not expressed its view on the issue, the court declines to adopt the Ninth Circuit's contributory infringement test from Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1172 (9th Cir. 2007).

service shall be treated as the publisher or speaker of any information provided by another information content provider." § 230(c)(1).

In order to qualify for immunity under the CDA, a defendant must show that (1) it is a provider or user or an "interactive computer service," (2) its actions as a "publisher or speaker" form the basis for liability, and (3) "another information content provider" provided the information that forms the basis for liability. Silver v. Quora, Inc., 666 F. App'x 727, 729 (10th Cir. 2016). The purpose of this immunity is to "facilitate the use and development of the Internet by providing certain services an immunity from civil liability arising from content provided by others." F.T.C. v. Accusearch Inc., 570 F.3d 1187, 1195 (10th Cir. 2009).

First, Kiwi Farms qualifies as an interactive computer service. An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). Kiwi Farms squarely fits within this definition because it enables computer access by multiple users to computer servers via its website. Mr. Moon operates Kiwi Farms, but he also posts on the website, making him both a provider and a user of the interactive computer service.

Second, Mr. Greer seeks to hold the Defendants liable for the posts of Kiwi Farms users. In other words, Mr. Greer seeks to treat Kiwi Farms and Mr. Moon as the "publisher or speaker" of third-party information—"a result § 230 specifically proscribes." Ben Ezra, Weinstein, & Co. v. Am. Online Inc., 206 F.3d 980, 986 (10th Cir. 2000).

Third, the content that provides the basis for liability here—the statements about Mr. Greer's mental health treatment and his alleged "victims"—was not created by Kiwi Farms. Rather, a third party provided the information, and Mr. Greer accessed it through Kiwi Farms'

website.  "A service provider must 'specifically encourage[] development of what is offensive about the content' to be 'responsible' for the development of offensive content."  Silver, 666 F. App'x at 729–30 (quoting Accusearch, 570 F.3d at 1199).  Mr. Greer has not alleged that Kiwi Farms played any part in creating the content that he accessed.  However, the third prong is unmet for Mr. Moon's own statements on Kiwi Farms' website, where he is both the "information content provider" and the provider–user.

As the Tenth Circuit has remarked, "The prototypical service qualifying for [Section 230] immunity is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others."  Accusearch, 570 F.3d at 1195.  Kiwi Farms fits the bill.  Mr. Greer's claims for false light, defamation, and defamation by implication seek to hold Kiwi Farms, and Mr. Moon as its operator, liable for information originating with a third party.  Those claims are barred by the CDA.  Accordingly, Mr. Greer's third, fourth, and fifth causes of action against Kiwi Farms are DISMISSED with prejudice.

**IV.    False Light, Defamation, and Defamation by Implication Against Mr. Moon**

Because Mr. Moon is not immune from liability for his own statements, the court turns to assess the merits of Mr. Greer's third, fourth, and fifth causes of action against Mr. Moon.[4]

A.  False Light

"A prima facie case for false light requires a plaintiff to demonstrate that (1) the defendant publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the

---

[4] Mr. Moon raises as a defense the statute of limitations, which is one year for false light and defamation claims. Utah Code Ann. § 78B-2-302(4); Jensen v. Sawyers, 2005 UT 81, ¶ 34, 130 P.3d 325, 333.  In response, Mr. Greer argues that his causes of action are only based on statements made in 2020, which is within the limitations period. (Opp'n to Mot. to Dismiss at 3, ECF No. 26.)  The court agrees with Mr. Greer.

7

publicized matter and the false light in which the plaintiff was placed." <u>Jacob v. Bezzant</u>,

2009 UT 37, ¶ 21, <u>212 P.3d 535, 544</u>.

Mr. Greer alleges two sets of facts that give rise to his false light claim against Mr. Moon.

First, he alleges that Mr. Moon said that he was refusing to enter a plea deal because he did not

want to receive a mental health evaluation.  (Compl. ¶¶ 159–162, ECF No. 3.)  This statement

apparently came from Mr. Moon's appearance on a "random YouTube show."  (Id. ¶ 160.)

Second, Mr. Greer claims that Kiwi Farms' news page said that he had "a date… in court, with

one of his victims."  (<u>Id.</u> ¶¶ 163–171.)  Mr. Moon's purported connection to the second statement

is that he "has given publicity to this case."  (<u>Id.</u> ¶ 166.)  In Mr. Greer's view, the statement "puts

[him] in a false light that he has many victims."  (<u>Id.</u> ¶ 168.)

As stated above, Mr. Moon cannot be held vicariously liable for any statements but his

own.  For example, Mr. Greer does not allege that Mr. Moon wrote the "victims" statement from

Kiwi Farms' news page, but merely that Mr. Moon "has surely seen the statement."  (Compl.

¶ 164, ECF No. 3.)  As a result, Section 230 would shield Mr. Moon from liability for this third-

party statement.  Mr. Greer makes little mention of any statements that Mr. Moon has personally

made.  One such remark is from August 20, 2020.  Mr. Moon left the following comment on a

Kiwi Farms thread: "I'll be on Nick's show in a few hours. I feel very under prepared [sic] for it,

so if anyone wants to cheat and send me some cliff notes [sic] about this case or anything in the

last year that'd be ebin [sic] thank you[.]"  (Compl. Ex. A1, ECF No. 3-2.)  Nothing about this

statement places Mr. Greer in a false light.  Nor has Mr. Greer alleged anything specific that Mr.

Moon may have said on the YouTube show that would put him in a false light.  Merely

discussing his ongoing criminal case would not rise to this level.  While the court must generally

accept as true well-pleaded factual allegations in the complaint, the court may properly disregard

legal conclusions such as "Moon is now personally liable for spreading false information about Greer by going onto a show" (Compl. ¶ 161) and irrelevant allegations such as "Mr. Moon . . . has said in the past that Greer stalks women" (Id. ¶ 166).[5]

All in all, Mr. Greer has not stated a claim for false light on these facts. For the first set of facts, it is not enough for Mr. Greer to have been personally offended by the alleged false light—a reasonable person must find it highly offensive. As the Defendants point out, there could be "many non-offensive reasons why someone would not want a mental health evaluation." (Mot. to Dismiss at 7, ECF No. 20.) Mr. Greer has not met this burden. For the second set of facts, Mr. Greer has not alleged that Mr. Moon personally made the "victims" statement, just that his affiliation with Kiwi Farms should be enough for liability. This type of speech is at the core of what Section 230 protects. For those reasons, the court DISMISSES Mr. Greer's third cause of action against Mr. Moon with prejudice.

## B. Defamation

"To state a claim for defamation, [a plaintiff] must show that [the defendant] published the statements concerning him, that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." West v. Thomson Newspapers, 872 P.2d 999, 1007–08 (Utah 1994) (footnotes omitted).

In his defamation claim against Mr. Moon, Mr. Greer realleges the facts from his false light claim. (Compl. ¶ 174, ECF No. 3.) He also claims that Mr. Moon has gone on YouTube shows to make false statements about him. For the same reasons that Mr. Moon's statement from August 20, 2020, did not put Mr. Greer in a false light, it was not defamatory. And again, Mr.

---

[5] It is doubtful whether this statement was made within the one-year limitations period for a false light claim.

9

Greer has not specifically alleged that Mr. Moon said anything defamatory on YouTube. His conclusory allegations about Mr. Moon's presence on YouTube shows cannot support a claim for defamation. There are simply not enough facts for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Burnett, 706 F.3d at 1235. For this reason, the court DISMISSES Mr. Greer's fourth cause of action against Mr. Moon with prejudice.

### C.  Defamation by Implication

Under Utah law, defamation and defamation by implication are "more or less different sides of the same coin." Hogan v. Winder, 762 F.3d 1096, 1105 (10th Cir. 2014). Essentially, "it is the implication arising from the statement and the context in which it was made, not the statement itself" that is defamatory. West, 872 P.2d at 1011. To prevail here, Mr. Greer must thus show that the "gist of [Mr. Moon's] statement, rather than its literal meaning[,] is 'false, defamatory, and not subject to any privilege.'" Hogan, 762 F.3d at 1105 (quoting West, 872 P.2d at 1007).

In his defamation by implication claim against Mr. Moon, Mr. Greer realleges the facts from his defamation claim, which reiterate those from his false light claim. (Compl. ¶ 186, ECF No. 3.) And like for the defamation claim, there are not enough facts here for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Burnett, 706 F.3d at 1235. Mr. Greer has not alleged that Mr. Moon personally made any statements that implied something defamatory. Alleging that Mr. Moon went on a YouTube show to say false things about him is legally insufficient. For this reason, the court DISMISSES Mr. Greer's fifth cause of action against Mr. Moon with prejudice.

/ / /

10

## V.     Leave to Amend

After the Defendants filed their motion to dismiss, Mr. Greer filed a motion for leave to file a supplemental brief (ECF No. 31).  Before the court ruled on this motion, Mr. Greer filed a second motion for leave to file a supplemental memorandum brief (ECF No. 35.)  Generally, "the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend."  Fowler v. Hodge, 94 F. App'x 710, 714 (10th Cir. 2004).  Leave to amend should be given "freely" and "when justice so requires." Fed. R. Civ. P. 15(a)(2).  The court has "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1187 (10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Id. (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  A proposed amendment is futile if it "would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss." Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014) (citing Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239 (10th Cir. 2001).

Here, Mr. Greer's first proposed "supplemental brief in support of [his] motion for preliminary injunction and [his] complaint" is entirely futile.  In his own words, Mr. Greer is "not trying to supplement his complaint, but rather file a memorandum brief."  (Pl.'s Reply in Supp. at 4, ECF No. 34.)  The "memorandum brief" contains no new facts in support of his causes of action, nor does it seek to supplement the legal arguments in his complaint.  Instead, it

11

contains irrelevant facts, like allegations of a suicide allegedly connected to Kiwi Farms. Additionally, the "memorandum brief" is replete with bad-faith accusations lodged against the Defendants' attorney, Mr. Skordas.  This brief is wholly improper.  It does nothing to shore up Mr. Greer's case, nor does it give the court pause about granting the Defendants' motion to dismiss.

Similarly, his second memorandum brief only introduces an anonymous email Mr. Greer received from someone claiming to have inside information about his lawsuit.  Not only was the email not sent by Mr. Moon or Kiwi Farms, but it also has no bearing on any of his causes of action against the Defendants.  For those reasons, the court DENIES Mr. Greer's motion for leave to file a supplemental brief (ECF No. 31) and DENIES his motion for leave to file a second supplemental memorandum brief (ECF No. 35).

## VI.    Motion for Preliminary Injunction

Before the Defendants filed their motion to dismiss, Mr. Greer filed a motion for a preliminary injunction (ECF No. 7).  Because Mr. Greer has failed to state any claims upon which relief can be granted, there is no need to address his request for a preliminary injunction. Mr. Greer's motion for a preliminary injunction (ECF No. 7) is therefore DENIED as moot.

## CONCLUSION

The court sympathizes with Mr. Greer's plight.  Based on his complaint, it sounds like people on Kiwi Farms have said vile things about him and made his life miserable.  However, Section 230 protects defendants like Kiwi Farms and Mr. Moon from the conduct of their users, and Mr. Greer has not sufficiently connected Mr. Moon's own words and actions with any valid causes of action.  For the foregoing reasons, the court DENIES Mr. Greer's motion for leave to file a supplemental brief (ECF No. 31), DENIES Mr. Greer's motion for leave to file a second

supplemental memorandum brief (ECF No. 35), and GRANTS the Defendants' motion to

dismiss (ECF No. 20).  Mr. Greer's motion for a preliminary injunction (ECF No. 7) is DENIED

as moot.

     DATED this 21st day of September, 2021.

                BY THE COURT:

                TENA CAMPBELL
                U.S. District Judge

13

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

RUSSELL G. GREER,

                    Plaintiff,                      **JUDGMENT IN A CIVIL CASE**

v.

JOSHUA MOON, an individual, and KIWI          Case Number: 2:20-cv-00647-TC-JCB
FARMS, a website,

                    Defendants.


IT IS ORDERED AND ADJUDGED that this case is dismissed with prejudice.


September 21, 2021                          BY THE COURT:
_____
*Date*
                                            _____
                                            U.S. District Judge Tena Campbell

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual,<br>and KIWI FARMS, a website,<br><br>                    Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:20-cv-00647-TC-JCB<br><br>District Judge Tena Campbell |

Before the court is Plaintiff Russell Greer's "motion to alter and amend the order and judgment and to reopen the case." (ECF No. 40.) He cites Federal Rule of Civil Procedure 59(e), which permits this sort of motion to be filed "no later than 28 days after the entry of the judgment." Because the court entered judgment on September 21, 2021, Mr. Greer's motion is timely. Essentially, Mr. Greer is asking the court to reconsider its order granting the Defendants' motion to dismiss. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

In his motion, Mr. Greer argues that the court "overlooked the fact that Plaintiff did indeed properly plead inducement." (Mot. at 3, ECF No. 40.) He then contends that the court misapplied the Supreme Court's holding in Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005). Next, he chastises the court for not applying the Ninth Circuit's rule in A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Finally, Mr. Greer states that the court misinterpreted his filing of two supplemental memorandum briefs as "waiv[ing] any chance at amending" his complaint. (Mot. at 9.) Instead, in his view, the court

should have allowed him leave to amend.  In his reply, Mr. Greer protests that the Defendants'

opposition memorandum (ECF No. 42) was untimely filed, and as a result, it should be

disregarded.  The court will address each argument in turn.

### I.    The Defendants' Memorandum

As an initial matter, Mr. Greer points out that the Defendants' memorandum in opposition

was not filed on time.  The Local Rules state that responses to motions other than those filed

under <u>Federal Rules of Civil Procedure 12(b)</u>, <u>12(c)</u>, or 56 must be filed within fourteen days

after service of the motion.  <u>DUCivR 7-1(b)(3)(B)</u>.  The Defendants' memorandum in opposition

was five days late and contained no explanation for the untimely filing.  However, in the interests

of resolving this motion and the litigation, the court exercises its discretion and will consider the

Defendants' response.  In doing so, the court does not believe that it is "exceed[ing] the bounds

of permissible choice in the circumstances."  <u>Loughridge v. Chiles Power Supply Co.</u>, <u>431 F.3d</u>

<u>1268, 1275</u> (10th Cir. 2005).

### II.    Inducement, <u>Grokster</u> & Kiwi Farms' FAQs

Second, the court did not err in holding that Mr. Greer had not plausibly pleaded

inducement in his contributory copyright infringement claim.  Nowhere did the court say that Mr.

Greer's failure to use the word "induce" or "inducement" was the reason his complaint was

deficient.  On the contrary, the court considered all the facts presented in Mr. Greer's complaint,

construed them "liberally," and read past any "defects" in Mr. Greer's "use of legal terminology."

<u>Smith v. Krieger</u>, <u>643 F. Supp. 2d 1274, 1279</u> (D. Colo. 2009) (citing <u>Hall v. Bellmon</u>, <u>935 F.2d</u>

<u>1106, 1110</u> (10th Cir. 1991)).  The facts pleaded in Mr. Greer's complaint did not "permit the

court to infer more than the mere possibility of misconduct."  <u>Ashcroft v. Iqbal</u>, <u>556 U.S. 662,</u>

<u>679</u> (2009).  Therefore, it was appropriate to dismiss his complaint.

2

The court did not misapply the Supreme Court's holding in <u>Grokster</u>, nor did it fail to

consider Mr. Greer's "FAQ" argument.  In <u>Grokster</u>, the Supreme Court wrote:

> Evidence of "active steps . . . taken to encourage direct infringement," such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use.

<u>Grokster</u>, <u>545 U.S. at 936</u> (citation omitted).  But Mr. Greer's complaint did not demonstrate a

plausible claim for relief for contributory infringement, even under the theory that the

Defendants' FAQs "encourage[d] direct infringement."  Kiwi Farms' FAQ section allegedly says

that the website "do[es] not host well-known copyrighted content. What copyrighted content

[Kiwi Farms] do[es] host is usually covered under Fair Use."  (Compl. ¶ 64, ECF No. 3.)  These

two sentences from the FAQ do not "advertis[e] an infringing use," nor do they "instruct[] how

to engage in an infringing use."  Fair use is not an infringing use.[1]  And Mr. Greer's assertion that

the FAQs "encourage[] infringement on non-famous works" is nothing more than speculation.

This argument did not move Mr. Greer's claim from possible to plausible, and it was properly

rejected.

Moreover, the court was not required to give every possible reason to grant the motion to

dismiss.  The court did, however, give all of Mr. Greer's arguments full and fair consideration.

To the extent that Mr. Greer seeks to "revisit issues already addressed or advance arguments that

could have been raised in prior briefing," the court will not do so.  <u>Servants of Paraclete</u>,

<u>204 F.3d at 1012</u>.

/ / /

/ / /

---

[1] This is true even though the court did not need to reach the fair use issue in its ruling.

3

### III.   <u>Napster</u>

Third, it was not error for the court to decline to apply the out-of-circuit precedent in

<u>Napster</u>.[2]  Simply put, a Rule 59(e) motion can raise the court's misapplication of "controlling

law," but <u>Napster</u>, a Ninth Circuit case, is not "controlling law" in this district.  A sister district

court's citation of <u>Napster</u> does not change this fact.

### IV.   **Leave to Amend**

Finally, it was not error to deny Mr. Greer permission to amend his complaint.  As the

Tenth Circuit has emphatically held, "once judgment is entered, the filing of an amended

complaint is not permissible until judgment is set aside or vacated."  <u>Seymour v. Thornton</u>,

<u>79 F.3d 980, 987</u> (10th Cir. 1996) (quoting <u>Cooper v. Shumway</u>, <u>780 F.2d 27, 29</u> (10th Cir.

1985)).  Because there are no grounds to vacate the judgment, Mr. Greer cannot file an amended

complaint at this late juncture.  Of course, Mr. Greer's two proposed "memorandum briefs" did

not waive his right to later amend the complaint.  But he never asked the court for permission to

amend his complaint, just for permission to, as he put it, "introduce new evidence."  (Mot. at 9.)

Mr. Greer "had an opportunity to seek the amendment before entry of judgment but

waited until after judgment before requesting leave."  <u>Tool Box, Inc. v. Ogden City Corp.</u>,

<u>419 F.3d 1084, 1088</u> (10th Cir. 2005).  The court is under no obligation to give leave to amend

when a plaintiff does not even request it.  <u>See, e.g.</u>, <u>Curtis Ambulance of Fla., Inc. v. Bd. of Cnty.

Comm'rs</u>, <u>811 F.2d 1371, 1386</u> n.15 (10th Cir. 1987) ("[T]he district court is [not] obligated to

conduct [the plaintiff's] case for it."); <u>Calderon v. Kan. Dep't of Soc. & Rehab. Servs.</u>, <u>181 F.3d</u>

---

[2] Although Mr. Greer cites <u>Napster</u>, the applicable Ninth Circuit rule also comes from <u>Perfect 10, Inc. v.
Amazon.com, Inc.</u>, <u>508 F.3d 1146, 1172</u> (9th Cir. 2007), which bases its holding on <u>Napster</u>.

1180, 1186–87 (10th Cir. 1999) (holding that "a request for leave to amend must give adequate notice to the district court and to the opposing party").

As an aside, Mr. Greer may well have had a plausible cause of action under the Digital Millennium Copyright Act, or even a claim for vicarious copyright infringement. See Grokster, 545 U.S. at 930 (defining vicarious infringement as "profiting from direct infringement while declining to exercise a right to stop or limit it"). But it is improper for the court to "assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110. Mr. Greer failed to state a claim for contributory copyright infringement.

## V.  Conclusion

While the court is disheartened to read that Mr. Greer feels that the litigation process was unfair, he remains free to raise his concerns on appeal. As it stands, there was no clear error or manifest injustice in this case.

Accordingly,

Because the court discerns no error in its ruling dismissing the complaint with prejudice, the court DENIES Mr. Greer's Rule 59(e) motion (ECF No. 40).

DATED this 26th day of October, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

5