IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    *Plaintiff-Appellant*,<br><br>v.<br><br>JOSHUA MOON, KIWI FARMS,<br><br>    *Defendant-Appellees*. | Civil Appeal No. 21-4128 |

**RESPONSE IN OPPOSITION TO APPELLEES'
MOTION TO WAIVE ORAL ARGUMENT**

    The Court has set this appeal for in-person oral argument in Denver on January 18, 2023. Since oral argument was ordered, Appellees Joshua Moon and Kiwi Farms have moved to waive oral argument and submit the appeal on the briefs. <u>See generally</u> Motion. In response, Appellant Russell Greer opposes Appellees' Motion to waive oral argument.

    Appellees' stated rationales in seeking to dispense with oral argument are:

(1) Counsel are based in states other than Colorado. Motion at 2.

(2) Oral argument would require preparation. <u>Id.</u>

(3) Appellees view the briefs as sufficient. <u>Id.</u>

Appellant respectfully disagrees that these reasons support waiving oral argument in this appeal.

1

*First*, while it is true that the counsel are based in states other than Colorado, Appellant's nonprofit counsel are more than willing to travel to appear before this Court in person. Indeed, at the time the Motion was filed, Appellant and his counsel had already begun the process of making arrangements for travel to Denver as ordered. Given the significance of the issues on appeal, Appellant's counsel believe oral argument is important here and that necessary travel to attend oral argument is worthwhile.[1]

*Second*, Appellant's counsel respectfully disagree that the need to prepare for oral argument justifies waiver. Substantial preparation has already been undertaken in the preparation of the briefs. Therefore, counsel are intimately familiar with the record below, the arguments on appeal, and the pertinent authorities. See Robert J. Martineau, "The Value of Appellate Oral Argument," 72 Iowa L. Rev. 1, 18 (1986) ("Having spent a great deal time and money of both at the trial level as well as in the briefing stage on appeal, they will find that the additional cost in time and money [for oral argument] is only marginal.").

---

[1] If oral argument is ordered, Appellees' counsel have indicated that they would prefer oral argument by video conference, *i.e.*, by Zoom or Teams. Appellant's counsel have no opposition to oral argument via videoconference but defer entirely to the Court on its preferred format and method for having oral argument, *i.e.*, whether in person or otherwise.

*Third*, while Appellant's counsel believe that the briefs do thoroughly engage the issues, we also believe that oral argument would aid in the Court's decisional processes. This appeal involves what appear to be novel applications of certain copyright doctrines and a request by Appellees' counsel to create a Circuit split in the application of those doctrines to the Internet. Important policy values and incentives that undergird Congress' policy balance between copyright holders, website operators, and administration of online copyright disputes are also at stake in this appeal.

Accordingly, the Court may have questions of counsel. And, it is oral argument that allows "judges to explore their ideas of the case with counsel." See Martineau, 72 Iowa L. Rev. at 16. Therefore, even if the briefs thoroughly address an issue, oral argument is still valuable insofar as it permits a live colloquy between the bench and bar to clarify issues, refine theories, address questions, *etc*. Appellant's counsel see benefit to argument.

*Fourth*, the citing references to Tenth Circuit Rule 34.1(A)(2) reveal that the Court appears to waive oral argument only where (1) the parties jointly request the waiver, e.g., United States v. Crocklin, 1999 U.S. App. LEXIS 1361, *1 (10th Cir. Feb. 1, 1999), or (2) where the panel does not see benefit to oral argument, e.g., United States v. Manjarrez, 348 F.3d 881 (10th Cir. 2003).

Here, the request to dispense with oral argument is opposed. And, while Appellant's counsel certainly defer to this Court's views, we believe that the issues briefed (implicating what appear to be novel applications of the Tenth Circuit's copyright jurisprudence) are ones for which oral presentation and a chance to address the Court's questions would aid the appeal.

* * * * *

Appellant respectfully opposes Appellees' motion to waive oral argument and respectfully asks this Court to hold the oral argument as currently scheduled on January 18, 2023.

Date: December 1, 2022

Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

This Opposition contains **815** words.

This Opposition was prepared in Microsoft Word using Times New Roman 14-point font.

Date: December 1, 2022                    Respectfully submitted,

                                                    */s/ Andrew Grimm*
                                                    Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: December 1, 2022             Respectfully submitted,

                                   */s/ Andrew Grimm*
                                   Andrew Grimm